**EXHIBIT 1**
**Settlement Agreement**

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and between James Jenkins, Natasha Thomas, Keith Bohannon, Hampton Brown, Rachel Simms, Connie Voss, Carolyn Clark, James Neill, and Nathaniel Lewis ("Plaintiffs'), individually and as the putative representatives of the Settlement Class, and Equifax Information Services LLC, ("Equifax") (collectively, "the Parties"), by and through their respective counsel, subject to preliminary and final approval by the Court.

### I.        RECITALS

This Agreement is made with reference to and in contemplation of the following facts and circumstances.

**1.1     The Pending Action.**

Plaintiffs filed this purported class action lawsuit in the United States District Court for the Eastern District of Virginia, captioned *James Jenkins, et al. v. Equifax Information Services LLC*, Case No. 3:15-cv-00443-MHL (E.D. Va.) (the "Action"), alleging that Equifax violates the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681g(a)(2), because it does not identify the vendor(s) it uses to obtain public records (such as civil judgments, tax liens, and bankruptcies) from the relevant government offices as the "source" of that information in consumer disclosures.

Plaintiffs filed this case in July 2015. To date, the parties have informally exchanged extensive information and engaged in extensive settlement negotiations, including two formal mediation sessions, which resulted in this Agreement.

**1.2     Equifax's Denial of Liability.**

Equifax vigorously denies all claims asserted against it in the Action, denies all allegations of wrongdoing and liability and has denied all material allegations of the Complaint.

Equifax expressly and specifically contends that its past and current procedures with respect to identifying the source of public record information are and were compliant with all laws, including, without limitation, the FCRA. Equifax nevertheless desires to settle all claims that are asserted, or which could have been asserted, in the Action, on the terms and conditions set forth herein, solely for the purpose of avoiding the burden, expense and uncertainty of continuing litigation and for the purpose of putting to rest the controversies engendered by the Action. Nothing in this Agreement or any other document shall be construed as an admission or evidence of any violation of any federal or state statute, rule or regulation, or principle of common law or equity, or of any liability or wrongdoing whatsoever, or of the truth of any of the claims asserted or to be asserted in the Action, or of the infirmity of any defenses that have been raised or could be raised by Equifax against the Complaint or any other pleading or document filed in the Action or any other litigation related to the Action, including, without limitation, the Complaint. Further, Equifax is not estopped from opposing class certification in further proceedings in the Action if the Settlement is not finally approved, or in any other action. Equifax does not, by entering into this agreement, waive or otherwise forego any defenses it may have to any future class actions under the FCRA and/or any other laws, including, but not limited to, defenses regarding ascertainability, typicality, commonality, predominance, superiority, and/or lack of standing.

### 1.3    Certification of Settlement Class for Settlement Purposes Only.

Equifax disputes that the elements of Federal Rule of Civil Procedure 23 are satisfied for purposes of the Settlement Class, disputes that the Settlement Class would be manageable and denies that the Settlement Class would be eligible for certification in the Action. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Equifax does

not oppose certification of the Settlement Class for settlement purposes only. No statements, representations or agreements made by Equifax in connection with the Settlement may be used to establish any of the elements of class certification in this or any other case, other than for settlement purposes. Preliminary certification of a Settlement Class shall not be deemed a concession that certification of a litigation class is appropriate, nor is Equifax estopped from challenging class certification in further proceedings in the Action or in any other action, if the Settlement is not finally approved.

### 1.4    Settlement Through Mediation.

The parties engaged in extensive, good faith, arms'-length negotiations in two separate mediations supervised by the Honorable Stanley Birch, a retired judge on the United States Court of Appeals for the Eleventh Circuit. A settlement was reached as a result of these mediations and subsequent discussions between the parties. It is the desire and intention of the Parties by entering into this Agreement to effectuate a full, complete and final settlement and resolution of all existing disputes and claims that relate to or arise out of the facts and claims alleged in the Action.

### 1.5    Class Counsel's Recommendation.

After the extensive informal exchange of information, the two mediation sessions, and other informal negotiations, Class Counsel has concluded that a settlement with Equifax on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class based upon their investigation and analysis, and taking into account the sharply contested issues involved, the uncertainty and cost of further prosecution of the Action, and the substantial benefits to be received by the Settlement Class pursuant to this Agreement.

NOW, THEREFORE, in consideration of the promises and agreements set forth herein, it is hereby STIPULATED AND AGREED, subject to the Court's approval as required by Federal Rule of Civil Procedure 23, that each and every Released Claim, as described in Section 2.18 below, shall be fully and finally settled and compromised and dismissed with prejudice, and shall be fully discharged and released, upon and subject to the following terms and conditions:

## II.        DEFINITIONS

**2.1**      **"Activation Code"** means a discrete and unique alphanumeric code for each individual Settlement Class Member for use by the class member to activate a Credit Monitoring Subscription.

**2.2**      **"Agreement"** and **"Settlement"** mean this Settlement Agreement, including all exhibits hereto.

**2.3**      **"Approval Notice"** means the notice notifying Settlement Class Members that the Court has entered the Final Approval Order and transmitting Activation Codes, a proposed form of which is attached hereto as Exhibit 1.

**2.4**      **"Class Counsel"** means Leonard A. Bennett, Kristi Kelly, Matthew J. Erausquin, James Francis, and John Soumilas.

**2.5**      The **"Complaint"** means the operative Complaint filed on July 28, 2015.

**2.6**      **"Consumer Disclosure"** has the same meaning as set forth in 15 U.S.C. § 168lg(a).

**2.7**      **"Consumer Report"** has the same meaning as set forth in 15 U.S.C. § 168la(d).

**2.8**      **"Credit Monitoring Subscription"** means a subscription to Equifax Credit Watch Gold with Credit Scores (or an equivalent successor product, if Equifax Credit Watch Gold with Credit Scores is no longer available) for a period of 18 months years following entry of the Final Approval Order (retail value of $14.95/month, totaling $269.10 in total retail value).

**2.9** **"Effective Date"** means fifteen (15) business days after the Judgment has become Final.

**2.10** **"File"** has the same meaning as set forth in 15 U.S.C. § 168la(g).

**2.11** **"Final"** means the date the Judgment becomes final for all purposes, except as set forth in Section 9 below, because (i) no objections have been made to the Settlement and no party has sought to intervene, or (ii) if any objection or motion to intervene was made, no appeal has been filed and thirty (30) days have lapsed since entry of the Judgment, and if a timely appeal has been filed, the appeal is finally resolved, with no possibility of further appellate or other review, resulting in final judicial approval of the Settlement.

**2.12** **"Final Approval Order"** means the order to be entered by the Court in the Action finally approving the Settlement and resolving all issues between the Parties, as provided for in Section 8.1 below, a proposed form of which is attached hereto as Exhibit 2.

**2.13** **"Judgment"** means a final judgment and order of dismissal with prejudice to be entered by the Court concurrently with the Final Approval Order.

**2.14** **"Long-Form Class Notice"** means the means the proposed notice to be made available to members of the Settlement Class on the settlement website, a proposed form of which is attached hereto as Exhibit 3.

**2.15** **"Opt-Out Form"** and **"Request for Exclusion"** means a document substantially in the form attached hereto as Exhibit 4.

**2.16** **"Preliminary Approval Order"** means an order to be entered by the Court in the Action, as provided for in Section 7.1 below, substantially in the form attached hereto as Exhibit 5.

**2.17** **"Released Claim"** or **"Released Claims"** means any and all legal or equitable claims asserted on behalf of a purported class or otherwise asserted on an aggregate basis that were alleged (or that could have been alleged based on the same facts and circumstances) in the Action, the Complaint or any other complaints, pleadings or other papers filed or to be filed in the Action, including (but not limited to) any claims relating to the identification of a public records vendor engaged by Equifax as a source or furnisher of public records information. "Released Claims" do not include claims asserted by individual plaintiffs solely on behalf of himself or herself, provided that the claims are not asserted in a representative capacity of any kind.

**2.18** **"Released Parties"** means Equifax and its present or former officers, directors, employees, attorneys, agents, administrators, successors, assigns, subsidiaries, partners, corporate affiliates, sister corporations, parents, divisions, and predecessors.

**2.19** **"Settlement Administrator"** means such administrator as may be appointed by the Court in the Preliminary Approval Order upon Plaintiff's motion, or any successor or replacement administrator as the Court may appoint.

**2.20** **"Settlement Class,"** solely for purposes of this Settlement, means, includes and refers to all consumers in the United States who, within two years preceding the filing of this Action until the date of preliminary approval, received a credit file disclosure from Equifax containing a public record.

The Settlement Class does not include Defendant's officers, directors, and employees; Defendant's attorneys; Plaintiff's attorneys; any Judge overseeing or considering the approval of the Settlement together with members of their immediate family and any judicial staff; anyone who is a named plaintiff (as opposed to a putative class member) in a lawsuit pending against

Defendant as of the date of the order preliminarily approving this Settlement Agreement; and all persons who timely and validly request exclusion from the Class.

**2.21** **"Settlement Class Member"** means, includes and refers to any individual within the Settlement Class who has not validly opted out of the Settlement pursuant to Section 7.4 below.

**2.22** **"Summary Class Notice"** means the proposed short-form notice to be sent to the members of the Settlement Class, a proposed form of which is attached hereto as Exhibit 6.

## III.   SETTLEMENT CONSIDERATION

**3.1** **Injunctive Relief.** Equifax will add text to the top of the public records section of any consumer disclosure containing a public record, which will identify the name, physical address, and website of the vendor that supplies any public record in the File that could be furnished in a Consumer Report. Equifax will confirm that it has implemented these changes no later than ninety (90) days after Final Approval. This term will be stated within the Final Approval Order.

In the event a consumer disputes a public record item, Equifax will either forward the dispute to the vendor from which it obtained the public record item or directly resolve the consumer's dispute in the consumer's File, as appropriate.

**3.2** **Credit Monitoring Subscriptions.** All Settlement Class Members will receive the opportunity to enroll in an Equifax Credit Watch Gold With Scores Credit Monitoring Subscription for a period of 18 months.

**3.3** Equifax will provide the Settlement Administrator with a sufficient number of unique Activation Codes, which shall be distributed to the Settlement Class as described in Section 6.10 below. Settlement Class Members will not be required to supply a credit card or other method of payment to activate the Credit Monitoring Subscription and shall have six (6)

months from the postmark date of the Approval Notice to activate the Credit Monitoring Subscription. If a Settlement Class Member is already enrolled in the same Credit Monitoring Subscription and uses the Activation Code he or she receives in connection with this Action, the Settlement Class Member's subscription will be extended by eighteen (18) months. To activate a Credit Monitoring Subscription, the Settlement Class Member must provide Equifax with a valid Activation Code, a valid electronic mail address, a valid mailing address and such other personal identifying information as may ordinarily be required by Equifax to verify the identity of the Settlement Class Member for the delivery of this service.

     **3.4**     If Equifax reasonably believes that a Credit Monitoring Subscription is being used to engage in identity theft, invasion of privacy, violations of the federal Credit Repair Organizations Act, or fraud, including, without limitation, the kind of activity described under the "Credit Repair Scams" and "Identity Theft" sections of the Federal Trade Commission's website located at www.ftc.gov/bcp/edu/pubs/consumer/credit/cre03.shtm (or a similar Federal Trade Commission website or other publication), Equifax may initially unilaterally decline to activate or may temporarily suspend the Credit Monitoring Subscription pending its investigation of the suspected activity. Equifax will give notice to Class Counsel of such action within five (5) business days thereof along with the reason(s) for suspension.

     **3.5**     Equifax will provide Settlement Class Members, in the Approval Notice, contact information that a Settlement Class Member may use to address any failure of an Activation Code.

     **IV.**          **<u>ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS TO<br>PLAINTIFFS</u>**

     **4.1**     After reaching agreement on all other material terms of settlement, the Parties negotiated an agreed recovery of attorneys' fees above and exclusive of all recoveries by the

Settlement Class. Class Counsel intends to apply to the Court for attorney's fees and costs, and service awards for the Plaintiffs to be paid by Equifax, separate and apart from the Settlement Fund.

**4.2**     Equifax has agreed to pay attorneys' fees and litigation costs in the amount of two million eight hundred thousand dollars ($2,800,000.00), to include all trial counsel, and all costs of litigation of any kind. Equifax will not oppose and will agree to pay attorneys' fees and litigation costs, so long as the petition for fees and costs does not exceed this amount.

**4.3**     After reaching agreement on all other material terms of settlement, the Parties also negotiated a service award to pay each Plaintiff an amount not exceeding five thousand dollars ($5,000.00) for his or her service in this matter. Equifax will not oppose and will agree to pay a service award to Plaintiffs, so long as the petition for such award does not exceed this amount.

### V.     RELEASE AND DISMISSAL

**5.1     Class Member Release of Released Claims.**  As of the Effective Date of the Settlement, Plaintiffs and each Settlement Class Member, their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, shall be deemed to have fully, finally and forever released the Released Parties from all Released Claims described in Sections 2.18 and 2.19 above. Without limiting the foregoing, the Settlement Class Members will forever release, waive, and be barred from asserting any claims arising out of or relating to the claims in the Action on a class or other aggregate basis. This includes initiating or joining a lawsuit filed as a class action (certified or uncertified) or other aggregate proceedings, either as a named plaintiff or a class member. The Settlement Class Members do not release individual claims they may or

could assert on an individual basis, provided that the claims are not asserted in a representative capacity of any kind.

**5.2     Named Plaintiffs' Release of Claims.**  In addition to their release stated in the previous Section, the Plaintiffs will release all individual claims and damages that they could individually bring under 15 U.S.C. § 1681g.

**5.3     Effect of Release.**  Each and every term of the Release described in the immediately preceding paragraph shall he binding upon the Releasing Parties and will inure to the benefit of the Released Parties and any of their successors and representatives, which persons and entities are intended to be beneficiaries of this section.

**5.4     Dismissal.**  Upon entry of the Final Approval Order, Plaintiffs shall take all actions necessary to dismiss with prejudice all litigation by Plaintiffs against Equifax in any court, including, without limitation, the Action.

**5.5     No Solicitation.**  Subject to Court approval and in accordance with any applicable rules of professional conduct, Plaintiffs' Counsel represent and warrant that they will not solicit, promote, or otherwise encourage any plaintiff or lawyer to initiate a lawsuit or other proceeding, or otherwise assert claims against Equifax, arising out of or relating to the allegations and claims in this Action.

## VI.       NOTICE AND SETTLEMENT ADMINISTRATION

**6.1     Costs of Notice and Administration.**  The costs of notice and administration shall be paid by Equifax.

**6.2     Settlement Administrator Can be Contacted by Telephone.**  The Settlement Administrator shall also establish toll-free telephone number that individuals within the Settlement Class may call to obtain information about the Settlement, or request mailing of the Summary Class Notice or Opt-Out Form.

**6.3    Settlement Class Data to be Provided to Settlement Administrator.** Within fifteen (15) business days after entry of the Preliminary Approval Order, Equifax will provide the name and email address for each Settlement Class Member to the Settlement Administrator. If Equifax does not have an email address for a Settlement Class Member, it will provide the Settlement Administrator with the Settlement Class Member's mailing address and such other information as is necessary for the Settlement Administrator to obtain the Settlement Class Member's email address using an email append service. If the Settlement Administrator is unable to obtain a valid email address for a Settlement Class Member, it shall run the Settlement Class Member's mailing address once through the National Change of Address database before mailing.

**6.4    Class Notice.** For purposes of providing Court-approved class notices and establishing that the best practicable notice has been given, notice to the Settlement Class will be accomplished in accordance with the following provisions:  Within forty-five (45) days of Preliminary Approval, the Summary Class Notice will be sent by email to all class members for whom Equifax and/or the class administrator has or locates a valid email address. The subject line of the email will read:  "Jenkins v. Equifax: Class Action Notice—Read for Information About Potential Benefits." The Summary Class Notice will be sent by regular U.S. mail to class members for whom Equifax and/or the class administrator does not have a valid email address, including class members to whom notice is sent by email but returned as undeliverable. The Summary Class Notice will request that class members provide a valid email address, if necessary, to receive the settlement benefit if the Court grants final approval. The form and content of the Summary Class Notice will be substantially the same as set forth in Exhibit 6. For any mailed notice that is returned to the Settlement Administrator within 30 days of the

postmark of the original notice and with a forwarding address, the Settlement Administrator shall re-mail the notice to the provided forwarding address within 5 business days of receipt.

      **6.5**    **Internet Notice.** The Settlement Administrator must establish an Internet website for purposes of facilitating notice to, and communicating with, Settlement Class Members (the "Settlement Website"). The Settlement Administrator must make the Settlement Website accessible no later than three (3) business days before the date on which the Summary Class Notice is sent. The Settlement Administrator must set forth the following information on the Settlement Website immediately: (i) the full text of the Settlement Agreement; (ii) the Long-Form Class Notice; (iii) the Opt-out Form, in PDF Format; (iv) the Preliminary Approval Order; (vi) other documents from the Action that the Parties jointly determine to be appropriate; (vii) a mutually agreed section of frequently asked questions; and (viii) contact information for Settlement Class Counsel and the Settlement Administrator. The Settlement Administrator must set forth the following on the Settlement Website within three (3) days after the Court enters the Final Approval Order: (i) the Final Approval Order; and (ii) the Approval Notice.

      **6.6**    The Settlement Website must provide a conspicuous mechanism for any Settlement Class Member to provide an e-mail address for further communications and to which the Settlement Administrator may send the Approval Notice.

      **6.7**    The Settlement Administrator must not include any other material language on the Settlement Website in addition to the above-listed documents, except with written approval of the Parties. Not later than ten (10) days before the Final Fairness Hearing, the Settlement Administrator must file proof of the establishment and maintenance of the Settlement Website with the Court. Approximately 180 days after the Effective Date, the Settlement Administrator must remove all information from the Settlement Website other than contact information for

Class Counsel, the Long-Form Class Notice, the Settlement Agreement, the Final Approval Order and information regarding activation the Credit Monitoring Subscription. The Settlement Administrator must disestablish the Settlement Website approximately nine (9) months after the Effective Date.

6.8    **Telephone Assistance Program.** The Settlement Administrator must establish a toll-free telephone number to provide information to Settlement Class Members in English and Spanish, using an IVR system. The Settlement Administrator must activate the toll-free number no later than 3 business days before the date on which the Summary Class Notice is sent. Not later than ten (10) days before the Final Fairness Hearing, the Settlement Administrator must file proof of the establishment and maintenance of the Telephone Assistance Program with the Court. The Settlement Administrator must deactivate the toll-free number within 180 days after the Effective Date.

6.9    **Approval Notice.** The Settlement Administrator shall send the Approval Notice to the Settlement Class members for whom Equifax and/or the Class Administrator have valid email addresses and who have not excluded themselves, no later than 15 days after the Court enters the Final Approval Order. The subject line of the email will read "Jenkins v. Equifax: Class Member Benefits." The email will reflect that it is affiliated with Equifax and be sent from a domain and with an address and subject line designed to avoid spam blocks and to be received and read by Settlement Class Members. The form and content of the Approval Notice will be substantially the same as set forth in Exhibit 1.

6.10    Settlement Class Members for whom Equifax and/or the Settlement Administrator do not have valid emails at the time the Court enters the Final Approval Order will not receive Activation Codes.

**6.11**   No later than 10 days after the Court enters the Final Approval Order, Equifax will provide the Settlement Administrator one Activation Code for each individual Settlement Class Member for use by the Settlement Class Members who have provided email addresses. The Settlement Administrator shall include the unique Activation Code within the emailed Approval Notice sent to the corresponding class member. The emailed Approval Notice shall also advise the class member that the Activation Code will expire within six (6) months of the Approval Notice mailing.

## VII.      PRELIMINARY APPROVAL

**7.1**   **Preliminary Approval Order.**  Plaintiffs will seek the Court's approval of this Agreement by filing an appropriate Motion for Preliminary Approval and seeking entry of a Preliminary Approval Order substantially in the form attached hereto as Exhibit E. The Parties shall cooperate in presenting such papers to the Court as may be necessary to effectuate the intent and purposes of this Agreement.

**7.2**   **Stay Following Preliminary Approval Order.**  Upon entry of the Preliminary Approval Order, the Parties shall promptly cooperate in filing such papers as may be necessary to obtain a stay of the proceedings in the Action, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

**7.3**   **Denial Of Preliminary Approval Order.**  If the Court fails for any reason to enter the Preliminary Approval Order substantially in the form attached hereto as Exhibit E or to certify the Settlement Class for settlement purposes consistent with the provisions hereof, and if all Parties do not agree jointly to appeal such ruling, this Agreement shall terminate and be of no further force or effect without any further action by the Parties. In the event that the Court fails to enter the Preliminary Approval Order substantially in the form attached hereto as Exhibit 5, the Parties shall return to the status as of the date of this Agreement, as if no Agreement had been

negotiated or entered into. Moreover, the Parties shall be deemed to have preserved all of their rights or defenses as of that date, and shall not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any individual within the proposed Settlement Class. In such an event, nothing in this Agreement or filed in connection with seeking entry of the Preliminary Approval Order shall be construed as an admission or concession by Equifax of the allegations raised in the Action, or any other action, of any fault, wrongdoing or liability of any kind, nor is Equifax estopped from challenging those allegations in further proceedings in the Action or in any other action.

     **7.4**   **Opt-Out/Requests For Exclusion From Settlement.**  All Settlement Class Members shall be given the opportunity to opt out of the Settlement Class by submitting a Request for Exclusion. All Requests for Exclusion must be in writing, sent to the Settlement Administrator and postmarked no later than thirty (30) days before the Final Approval Hearing. To be valid, a Request for Exclusion must be personally signed and must include: (i) name, address and telephone number; (ii) and a statement substantially to the effect that: "I request to be excluded from the class settlement in <u>Jenkins v. Equifax Information Services, LLC</u>, United States District Court, Eastern District of Virginia." A Request for Exclusion submitted on the Opt-Out Form shall be presumed valid. Notwithstanding the foregoing, no person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may submit a Request for Exclusion of any other person within the Settlement Class. Requests for Exclusion submitted en masse will be invalid.

     **7.5**   The Settlement Administrator shall provide copies of the Requests for Exclusion to the Parties no later than ten (10) days before the Final Approval Hearing. By that same date, the Settlement Administrator shall provide to Class Counsel, who shall file it with the Court, a

declaration verifying that notice has been provided to the Settlement Class as set forth herein and listing all of the valid opt-outs received.

7.6    All individuals within the Settlement Class who timely submit a valid Request for Exclusion will exclude themselves from the Settlement Class and will preserve their ability to independently pursue, at their own expense, any individual, non-class, non-representative claims he or she claims to have against Equifax. Any such individual within the Settlement Class who so opts out will not be bound by further orders or judgments in the Action as it relates to the Settlement Class, and will preserve their ability to independently pursue, at their own expense, any individual, non-class, non-representative claims for damages they may have against Equifax. In the event of ambiguity as to whether someone has requested to be excluded (such as through submission of both an Opt-Out Form and a valid email address), the Settlement Class Member shall be deemed not to have requested exclusion pursuant to this Section 7.4.

7.7    **Objections from Settlement Class Members.** Any Settlement Class Member who has not previously opted-out in accordance with the terms above may appear at the Final Fairness Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and costs and the service award to Plaintiff. However, no individual within the Settlement Class shall be heard, and no objection may be considered, unless the individual files the objection in writing with the Court no later than thirty (30) days before the Final Fairness Hearing and serves the written objection so that it is received by Counsel and the Settlement Administrator no later than thirty (30) days before the Final Fairness Hearing.

**7.8**    Objections to the Class Counsel's attorneys' fees or the requested service award may be supplemented up to seven (7) days after the filing of a motion for such fees or award to address additional information or materials in the motion.

**7.9**    All objections must include: (i) the objector's name, address and telephone number: (ii) a sentence stating that to the best of his or her knowledge he or she is a member of the Settlement Class; (iii) the factual basis and legal grounds for the objection to the Settlement; (iv) the identity of witnesses whom the objector may call to testify at the Final Fairness Hearing; and (v) copies of exhibits the objector may seek to offer into evidence at the Final Fairness Hearing.

**7.10**    The written objection must indicate whether the class member and/or his lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing must also enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than thirty (30) days before the Final Fairness Hearing and shall include the full style and case number of each previous class action case in which that counsel has represented an objector.

**7.11**    Any such objection must be filed with the Clerk of the United States District Court for the Eastern District of Virginia not later than the date listed in the Summary Class Notice and Long-Form Notice. Copies of all objections also must be served electronically via the Court's ECF system or mailed, postmarked no later than the date listed in the Summary Class Notice and Long-Form Notice, to each of the following: Class Counsel, Leonard A. Bennett, Consumer Litigation Associates, 763 J Clyde Morris Boulevard, Suite 1A, Newport News, Virginia 23601; and Equifax's Counsel, Phyllis B. Sumner, Esq., King & Spalding, LLP, 1180 Peachtree Street, Atlanta, GA 30309.

## VIII.   FINAL APPROVAL OF SETTLEMENT AND OTHER CONDITIONS

**8.1    Final Fairness Hearing.** On a date to be set by the Court, Plaintiff will seek entry of the Final Approval Order granting final approval of the Settlement and entering Judgment in the Action, substantially in the form attached hereto as Exhibit 2. The Final Approval Order will (i.) provide that the Action, only for purposes of the Settlement, may be maintained as a class action on behalf of the Settlement Class; (ii.) provide that Plaintiffs fairly and adequately represent the interests of the Settlement Class; (iii.) provide that Class Counsel adequately represents Plaintiffs and the Settlement Class; (iv.) provide that the class notice satisfied the requirements of due process, the Federal Rules of Civil Procedure and any other applicable laws; (v.) provide that the Settlement is fair, reasonable and adequate to the Settlement Class and that each Settlement Class Member shall be bound by the Settlement, including the releases contained in Section 5 above; (vi.) provide that the Settlement represents a fair resolution of all Released Claims asserted on behalf of the Settlement Class and fully and finally resolves and releases all such Released Claims; (vii.) provide that the Settlement should be, and is, approved; (viii.) determine the amount of any attorneys' fees and costs awarded to Class Counsel and any service award to Plaintiffs; (ix.) confirm the opt-outs from the Settlement; (x.) dispose of any objections; (xi.) dismiss, on the merits and with prejudice, all claims in the Action, and permanently enjoin each and every Settlement Class Member from bringing, joining or continuing to prosecute against the Released Parties any Released Claims, and enter Judgment thereon; (xii.) order the Injunctive Relief; and (xiii.) retain jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of this Agreement and the Settlement.

## IX.   TERMINATION OF AGREEMENT

**9.1   Non-Approval of Agreement.**   This Agreement is conditioned upon final approval without material modification by the Court in the Action.   In the event that the Agreement is not so approved, the Parties shall return to the status ante as of the date of this Agreement, as if no Agreement had been negotiated or entered into.   Moreover, the Parties shall be deemed to have preserved all of their rights or defenses as of the date of this Agreement, and shall not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the proposed Settlement Class.   In the event that the Agreement is approved without material modification by the Court, but is later reversed or vacated on appeal, each of the Parties shall have the right to withdraw from the Agreement and return to the *status quo ante* as of the date of this Agreement, for all litigation purposes, as if no Agreement had been negotiated or entered into, and shall not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the proposed Settlement Class

**9.2   Equifax's Rights to Terminate Agreement.**   Equifax's willingness to settle this Action on a class-action basis and to agree to the certification of the Settlement Class is dependent upon achieving finality in this Action, and the desire to avoid the expense of this Action and other litigation.   Consequently, Equifax shall have the unilateral right in its sole discretion to individually terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement to Plaintiff, Settlement Class Members, or Class Counsel if any of the following conditions subsequently occurs: (1) the Court fails or declines to grant Preliminary Approval pursuant to the terms of the Preliminary Approval Order; (2) more than 5% of the Settlement Class Members request to opt-out of the Settlement pursuant to Section 7.4; (3) the Court materially modifies the terms of the Release or the Released Parties:

(4) the Effective Date does not occur for any reason, including the entry of an order by any court that would require either material modification or termination of the Settlement Agreement or the Final Approval Order.

    **9.3**    **Plaintiffs' Rights to Terminate Agreement.**  Plaintiffs shall have the unilateral right in their sole discretion to individually terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement to Equifax if any of the following conditions subsequently occurs: (1) the Court fails or declines to grant Preliminary Approval pursuant to the terms of the Preliminary Approval Order; (2) the number of Actual Damage Settlement Class Members is greater than the estimate of class size stated herein by more than 5%, unless Equifax agrees to increase the gross amount of the Actual Damages Settlement Fund in proportion to the class size increase; (3) the Court materially modifies the terms of the Release or the Released Parties; (4) the Effective Date does not occur for any reason, including the entry of an order by any court that would require either material modification or termination of the Settlement Agreement or the Final Approval Order.

    **9.4**    Failure by the Court to approve attorneys' fees, costs or the service award in the amounts sought, or at all, shall not be grounds for Plaintiffs to withdraw from the Settlement, and shall not delay the Settlement's becoming Final, and shall not delay the Effective Date of the releases. Plaintiffs recognize and understand that the Court may not approve any service awards to them whatsoever and that their support of the settlement is in no way contingent on any service award. Plaintiffs represents and warrants that no promises of any kind have been made to them with respect to any service awards.

**X.**      **MISCELLANEOUS PROVISIONS**

    **10.1**    **Further Assurances.**  Each of the Parties shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Agreement.

**10.2     Dispute Resolution.** The Parties agree to meet and confer in good faith in regard to any dispute relating to the Settlement or to administration of the Settlement. Any dispute that cannot be resolved by the Parties shall be submitted to the Court for final decision.

**10.3     Entire Agreement.** This Agreement constitutes the entire agreement between and among the Parties with respect to the Settlement. This Agreement supersedes all prior negotiations and agreements, including, without limitation, all proposals made by the Mediator, all term sheets exchanged at or prior to the mediation and all correspondence relating thereto. The Parties, and each of them, represent and warrant that no other party or any agent or attorney of any of the Parties has made any promise, representation or warranty whatsoever not contained in this Agreement to induce them to execute the same. The Parties, and each of them, represent and warrant that they have not executed this Agreement in reliance on any promise, representation, or warranty not contained in this Agreement.

**10.4     Confidentiality.** Any and all drafts of this Agreement and other settlement documents relating to the negotiations between the Parties will remain confidential and will not be disclosed or duplicated except as necessary to obtain preliminary and/or final Court approval. This provision will not prohibit the Parties from submitting this Agreement to the Court in order to obtain preliminary and/or final approval of the Settlement. It is agreed that, within thirty (30) days after the Effective Date, the originals and all copies of all confidential or highly confidential documents and/or information subject to the protective order in the Action shall be destroyed or returned to the designating Parties.

**10.5     Publication of Settlement.** Neither Plaintiffs, Class Counsel, Equifax, nor Equifax's Counsel will affirmatively contact the news media; issue any press release; hold press conferences in any media; conduct on- camera, on-air or web-based interviews; or use any form

of paid media or advertising to publicize, promote, or characterize the Settlement, the Parties, or the Parties' Counsel. In response to inquiries from anyone other than a Class Member, Plaintiffs, Class Counsel, Equifax, and Equifax's counsel agree not to comment. Class Counsel and Equifax's Counsel will describe their respective roles in marketing or other materials without characterizing the Settlement.

The restrictions of this paragraph will not prevent the disclosure of information concerning the proposed Settlement (a) to regulators, rating agencies, or financial analysts where a Party deems such disclosure desirable or necessary; and (b) to any other person or entity (such as experts, courts, and/or administrators) to which the Parties agree disclosure must be made in order to effectuate the terms and conditions of this Agreement. If either Party receives a subpoena or other compulsory process seeking the production or other disclosure of confidential information related to this Action or this Settlement, the recipient of such a demand will give written notice (by hand, email, or facsimile transmission) to the non-recipient Party within five business days of receipt of such a demand (or if a response to the demand is due in less than five business days, at least 24 hours prior to the deadline for a response to the demand), identifying the information sought and enclosing a copy of the demand. Absent agreement among the Parties or an order from a court of competent jurisdiction compelling production, the recipient of such a demand must object to the production of the material on the grounds of the existence of this Settlement Agreement. Nothing herein will be construed as requiring a challenge or appeal of any order requiring production of information related to this Action or this Settlement, or requiring that either Party subject itself to any penalties for noncompliance with any legal process or order. Compliance with any order directing production pursuant to a demand will not constitute a breach of this Settlement Agreement.

**10.6   Successors and Assigns.** The Agreement shall he binding upon, and inure to the benefit of, the heirs, successors and assigns of the Parties.

**10.7   Competency of Parties.** The Parties, and each of them, acknowledge, warrant, represent and agree that in executing and delivering this Agreement, they do so freely, knowingly and voluntarily, that they had an opportunity to and did discuss its terms and their implications with legal counsel, that they are fully aware of the contents and effect of the Agreement and that such execution and delivery is not the result of any fraud, duress, mistake or undue influence whatsoever.

**10.8   Authority.** The person signing this Agreement on behalf of Equifax warrants and represents that he or she is authorized to sign on its behalf. The Plaintiffs have personally signed this Agreement.

**10.9   Modification.** No modification of or amendment to this Agreement shall be valid unless it is in writing and signed by all Parties hereto unless stated expressly by both Parties on the record in the Action.

**10.10   Construction.** Each of the Parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against any of the Parties. Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provision valid to the fullest extent possible consistent with applicable precedent so as to find all provisions of this Agreement valid and enforceable. After applying this rule of construction and still finding a provision invalid, the Court shall thereupon interpret the invalid provision to the fullest extent possible to otherwise enforce the invalid provision. The invalidity of any one provision shall not render this Agreement otherwise invalid and unenforceable unless the provision found to be invalid

materially affects the terms of this Agreement after application of the rules of construction set forth in this paragraph.

**10.11 No Waiver.** The failure of any of the Parties to enforce at any time any provision of this Agreement shall not be construed to be a waiver of such provision, or any other provision, nor in any way to affect the validity of this Agreement or any part hereof, or the right of any of the Parties thereafter to enforce that provision or each and every other provision. No waiver of any breach of this Agreement shall constitute or be deemed a waiver of any other breach.

**10.12 Notices/Communications.** All requests, demands, claims and other communications hereunder shall: (a) be in writing; (b) be delivered by U.S. Mail and facsimile; (c) be deemed to have been duly given on the date received; and (d) be addressed to the intended recipients as set forth below:

> If to Plaintiffs or the Settlement Class:
>
> Leonard A. Bennett, Esq.
> Consumer Litigation Associates
> 763 J Clyde Morris Boulevard, Suite 1A
> Newport News, VA 23601
> Fax: (757) 930-3662
>
> If to Equifax:
>
> Phyllis B. Sumner, Esq.
> King & Spalding, LLP
> 1180 Peachtree Street
> Atlanta, GA 30309
> Fax: (404) 572-4600

Each of the Parties may change the address to which requests, demands, claims or other communications hereunder are to be delivered by giving the other Parties notice in the manner set forth herein.

**10.13 Counterparts.** This Agreement may be executed in one or more counterparts and, if so executed, the various counterparts shall be and constitute one instrument for all

purposes and shall be binding on each of the Parties that executed it, provided, however, that none of the Parties shall be hound unless and until all Parties have executed this Agreement. For convenience, the several signature pages may be collected and annexed to one or more documents to form a complete counterpart. True and correct photocopies or electronic images (such as PDFs) of executed copies of this Agreement may be treated as originals.

[SIGNATURES APPEAR ON THE FOLLOWING PAGES]

Dated: ___4/19___, 2016

CONSUMER LITIGATION ASSOCIATES, P.C.

By: _____
Leonard A. Bennett
Attorney for Plaintiff and the Settlement Class

Dated: ___4/18___, 2016

KELLY & CRANDALL PLC

By: _____
Kristi Cahoon Kelly
Attorney for Plaintiff and the Settlement Class

Dated: _____, 2016

FRANCIS & MAILMAN PC

By: _____
James A. Francis
Attorney for Plaintiff and the Settlement Class

Dated: ___4/18___, 2016

EQUIFAX INFORMATION SERVICES LLC

By: _____
Name: Troy Kubes
Title: Vice President -- Legal

Dated: ___4-18___, 2016

KING & SPALDING, LLP

By: _____
Phyllis B. Sumner
Attorney for Equifax Information Services, LLC

DMSLIBRARY01\28814026.v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES JENKINS, *et al.*, *individually*          :
*and on behalf of all others similarly situated,*  :
                                                  :
      Plaintiffs,                             :
                                                  :
v.                                                :     Civil Action No. 3:15-cv-443
                                                  :
EQUIFAX INFORMATION SERVICES, LLC,                :
                                                  :
      Defendant.                              :

## [PROPOSED] FINAL APPROVAL ORDER

Plaintiffs, on their own behalf and on behalf of all similarly situated consumers, submitted to the District Court a Motion for Final Approval of the Class Action Settlement ("Motion") seeking final approval of the Settlement Agreement (the "Agreement"), and the exhibits attached thereto, entered into by and between Plaintiffs and Defendant. Defendant does not oppose Plaintiffs' Motion.

By Order dated _____, 2016, the District Court entered an Order that preliminarily approved the Agreement and conditionally certified the Settlement Class for settlement purposes only (the "Preliminary Approval Order"). In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendant served written notice of the proposed class settlement on the United States Attorney General and the appropriate state Attorneys General. Due and adequate notice having been given to the Settlement Class in compliance with the procedures set forth in the Agreement and the Preliminary Approval Order, this Court having considered all papers filed and proceedings had herein, and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

-1-

1.      This Final Approval Order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement.

2.      This Court has jurisdiction over the subject matter and, for purposes of this Settlement only, personal jurisdiction over all the Parties, including all Settlement Class Members.

3.      Pursuant to Federal Rule of Civil Procedure 23, and consistent with Due Process, the Court finds that the settlement of the lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of the Parties' cases and defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class; and, the limited amount of any potential total recovery for Settlement Class Members if litigation continued.

4.      Pursuant to Federal Rule of Civil Procedure 23(b)(3), this Court hereby certifies the Settlement Class solely for purposes of effectuating this Settlement.

a.      The Settlement Class is defined as follows:

All consumers in the United States who, within two years preceding the filing of this Action until the date of preliminary approval, received a credit file disclosure from Equifax containing a public record.

b.      Individuals within the Settlement Class had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order. Excluded from the Settlement Class are those persons who validly and timely requested exclusion from the

Settlement Class by way of the opt-out procedure, as identified in Exhibit 1 hereto (the "Opt-Outs").

5.      For purposes of this Settlement only, this Court finds and concludes that: (a) the Settlement Class is so numerous that joinder of all individuals in the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all individuals in the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of this class action.

6.      Pursuant to the Court's Preliminary Approval Order, the approved notice was sent to Class Members via email or regular mail. The form and method for notifying the class members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(b) and due process, and constituted the best notice practicable under the circumstances. The Court further finds that the notice was clearly designed to advise the settlement class members of their rights and clearly and concisely stated, in plain, easily understood language, all features of the lawsuit and settlement set forth in Fed. R. Civ. P. 23(C)(2)(B).

DMSLIBRARY01\28834619.v1

7.      This Court has considered and hereby overrules all objections to the Settlement on their merits.

8.      This Court hereby dismisses with prejudice on the merits and without costs or attorneys' fees (except as otherwise provided in the Agreement) the above-captioned action (subject to retention of jurisdiction to enforce the Agreement and the Settlement).

9.      The Released Parties include Equifax and its present or former officers, directors, employees, attorneys, agents, administrators, successors, assigns, subsidiaries, partners, corporate affiliates, sister corporations, parents, divisions, and predecessors.

10.     The Plaintiffs and each Settlement Class Member, their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, shall be deemed to have fully, finally and forever released the Released Parties from all Released Claims described in Sections 2.17 and 2.18 of the Agreement.

11.     Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are enjoined from commencing or prosecuting against any and all of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims; provided, however, that this injunction shall not apply to non-released claims of Opt-Outs.

12.     Plaintiffs and Class Counsel have moved for a service award for the Class Representatives in the amount of five thousand dollars ($5,000.00) each. The Court awards each Plaintiffs five thousand dollars ($5,000.00), which shall be paid in accordance with the Agreement.

13.     Plaintiffs and Class Counsel have moved for an award of attorneys' fees

-4-

(including costs and expenses) in the amount of two million eight hundred thousand dollars ($2,800,000.00). The Court awards attorneys' fees (including costs and expenses) in the amount of two million eight hundred thousand dollars ($2,800,000.00), which shall be paid in accordance with the Agreement.

14.     Furthermore, Equifax will add text to the top of the public records section of any consumer disclosure containing a public record, which will identify the name, physical address, and website of the vendor that supplies any public record in the File that could be furnished in a Consumer Report. Equifax will confirm to Class Counsel that it has implemented these changes no later than ninety (90) days after the entry of this Order. In the event a consumer disputes a public record item, Equifax will either forward the dispute to the vendor from which it obtained the public record item or directly resolve the consumer's dispute in the consumer's File, as appropriate.

15.     Without affecting the finality of this Final Approval Order in any way, this Court retains continuing jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation, and enforcement of this Agreement and the Settlement. Class Counsel are to continue in their role to oversee all aspects of the Agreement and Settlement. Upon notice to Class Counsel, Defendant may seek from this Court, pursuant to 28 U.S.C. § 1651(a), such further orders or process as may be necessary to prevent or forestall the assertion of any of the Released Claims in any other forum, or as may be necessary to protect and effectuate the Settlement and this Final Approval Order.

16.     If an appeal, writ proceeding, or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Agreement or in

connection therewith, shall be null and void to the extent provided by and in accordance with the

Agreement.

IT IS SO ORDERED, ADJUDGED AND DECREED.


Dated: _____        _____

M. Hannah Lauck
United States District Judge

DMSLIBRARY01\28834619.v1

**EXHIBIT "1"**

*Jenkins v. Equifax*
Case No. 3:15-cv-00443-MHL
United States District Court for the Eastern District of Virginia

**Your Activation Code:**

Class Administrator
[address]

<<Date>>

<<mail id>> <<Name1>> <<Name2>>
<<Address1>> <<Address2>>
<<City>><<State>><<Zip>>

## NOTICE OF APPROVAL OF SETTLEMENT

The Court held a Final Fairness hearing in this case on _____, 2016. At that hearing, the Court granted final approval of the class action settlement in the case listed above. You may no longer object to or opt out of the settlement, but you may now obtain the benefits of the settlement. This notice contains further instructions that you need to receive the settlement's benefits.

### SUMMARY OF BENEFITS TO YOU:

- You are entitled to eighteen (18) months of Equifax Credit Watch Gold with Scores at no cost to you. You may now activate your credit monitoring subscription using your unique **Activation Code** at the top of this letter at www._____.com.

- If you are already enrolled in this credit monitoring service, you may extend your enrollment by eighteen (18) months by contacting Equifax at **[number].**

For more information about your rights, you may contact the attorneys at Consumer Litigation Associates, P.C. at:

Email: intake@clalegal.com
Nationwide toll-free: 877-FCRA-LAW (877-327-2529)
Northern Virginia office: 703-273-7770
Hampton Roads office: 757-930-3660

DMSLIBRARY01\28670074.v2

**EXHIBIT "2"**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

JAMES JENKINS, *et al.*, *individually*
*and on behalf of all others similarly situated,*    :

       Plaintiffs,    :

                              :

v.                              :        Civil Action No. 3:15-cv-443

                              :

EQUIFAX INFORMATION SERVICES, LLC,    :

                              :

       Defendant.    :

## [PROPOSED] FINAL APPROVAL ORDER

Plaintiffs, on their own behalf and on behalf of all similarly situated consumers, submitted to the District Court a Motion for Final Approval of the Class Action Settlement ("Motion") seeking final approval of the Settlement Agreement (the "Agreement"), and the exhibits attached thereto, entered into by and between Plaintiffs and Defendant. Defendant does not oppose Plaintiffs' Motion.

By Order dated _____, 2016, the District Court entered an Order that preliminarily approved the Agreement and conditionally certified the Settlement Class for settlement purposes only (the "Preliminary Approval Order"). In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendant served written notice of the proposed class settlement on the United States Attorney General and the appropriate state Attorneys General. Due and adequate notice having been given to the Settlement Class in compliance with the procedures set forth in the Agreement and the Preliminary Approval Order, this Court having considered all papers filed and proceedings had herein, and otherwise being fully informed of the

premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.      This Final Approval Order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement.

2.      This Court has jurisdiction over the subject matter and, for purposes of this Settlement only, personal jurisdiction over all the Parties, including all Settlement Class Members.

3.      Pursuant to Federal Rule of Civil Procedure 23, and consistent with Due Process, the Court finds that the settlement of the lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of the Parties' cases and defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class; and, the limited amount of any potential total recovery for Settlement Class Members if litigation continued.

4.      Pursuant to Federal Rule of Civil Procedure 23(b)(3), this Court hereby certifies the Settlement Class solely for purposes of effectuating this Settlement.

a.      The Settlement Class is defined as follows:

All consumers in the United States who, within two years preceding the filing of this Action until the date of preliminary approval, received a credit file disclosure from Equifax containing a public record.

b.      Individuals within the Settlement Class had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order. Excluded from the

Settlement Class are those persons who validly and timely requested exclusion from the Settlement Class by way of the opt-out procedure, as identified in Exhibit 1 hereto (the "Opt-Outs").

5.      For purposes of this Settlement only, this Court finds and concludes that:  (a) the Settlement Class is so numerous that joinder of all individuals in the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all individuals in the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of this class action.

6.      Pursuant to the Court's Preliminary Approval Order, the approved mail notice was sent to Class Members.  The form and method for notifying the class members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(b) and due process, and constituted the best notice practicable under the circumstances.  The Court further finds that the notice was clearly designed to advise the settlement class members of their rights and clearly and concisely stated, in plain, easily understood language, all features of the lawsuit and settlement set forth in Fed. R. Civ. P. 23(C)(2)(B).

7.     This Court has considered and hereby overrules all objections to the Settlement on their merits.

8.     This Court hereby dismisses with prejudice on the merits and without costs or attorneys' fees (except as otherwise provided in the Agreement) the above-captioned action (subject to retention of jurisdiction to enforce the Agreement and the Settlement).

9.     The Released Parties include Equifax and its present or former officers, directors, employees, attorneys, agents, administrators, successors, assigns, subsidiaries, partners, corporate affiliates, sister corporations, parents, divisions, and predecessors.

10.     The Plaintiffs and each Settlement Class Member, their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, shall be deemed to have fully, finally and forever released the Released Parties from all Released Claims described in Sections 2.17 and 5 of the Agreement.

11.     Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are enjoined from commencing or prosecuting against any and all of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims; provided, however, that this injunction shall not apply to non-released claims of Opt-Outs.

12.     Plaintiffs and Class Counsel have moved for a service award for the Class Representatives in the amount of five thousand dollars ($5,000.00) each.  The Court awards each Plaintiff five thousand dollars ($5,000.00), which shall be paid in accordance with the Agreement.

13.     Plaintiffs and Class Counsel have moved for an award of attorneys' fees

(including costs and expenses) in the amount of two million eight hundred thousand dollars ($2,800,000.00).  The Court awards attorneys' fees (including costs and expenses) in the amount of two million eight hundred thousand dollars ($2,800,000.00), which shall be paid in accordance with the Agreement.

14.     Furthermore, Equifax will add text to the top of the public records section of any consumer disclosure containing a public record, which will identify the name, physical address, and website of the vendor that supplies any public record in the File that could be furnished in a Consumer Report.  Equifax will confirm to Class Counsel that it has implemented these changes no later than ninety (90) days after the entry of this Order. In the event a consumer disputes a public record item, Equifax will either forward the dispute to the vendor from which it obtained the public record item or directly resolve the consumer's dispute in the consumer's File, as appropriate.

15.     Without affecting the finality of this Final Approval Order in any way, this Court retains continuing jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation, and enforcement of this Agreement and the Settlement.  Class Counsel are to continue in their role to oversee all aspects of the Agreement and Settlement.  Upon notice to Class Counsel, Defendant may seek from this Court, pursuant to 28 U.S.C. § 1651(a), such further orders or process as may be necessary to prevent or forestall the assertion of any of the Released Claims in any other forum, or as may be necessary to protect and effectuate the Settlement and this Final Approval Order.

16.     If an appeal, writ proceeding, or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made and releases delivered in connection herewith, or in the Agreement or in

connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

IT IS SO ORDERED, ADJUDGED AND DECREED.


Dated: _____      _____

M. Hannah Lauck
United States District Judge

**EXHIBIT "3"**

*A FEDERAL COURT ORDERED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA

**JAMES JENKINS, et al.,**
**on behalf of themselves and all**
**similarly situated individuals,**

**Plaintiffs,**

v.

**CIVIL NO. 3:15-cv-00443-MHL**

**EQUIFAX INFORMATION SERVICES**
**LLC,**

**Defendant.**

## NOTICE OF CLASS ACTION SETTLEMENT

James Jenkins and eight other consumers ("Plaintiffs") have sued Equifax Information Services, LLC (the "Defendant" or "Equifax") alleging that it violated a federal law, the Fair Credit Reporting Act (the "FCRA"), by providing consumer credit disclosures that did not identify its public records vendor(s) as the "source" of public record information (such as judgments, bankruptcies, and liens).

Defendant denies the allegations and contends that it acted lawfully and in compliance with the FCRA at all times. The Court has not yet ruled in favor of either side. Nevertheless, the parties have reached a settlement that affects your legal rights.

A settlement has been proposed on behalf of consumers in the United States who, from July 28, 2013 until April 14, 2016 received a consumer disclosure from Equifax containing a public record (the "Class").

You have received this notice because records indicate that you may be a member of the Class.

Your legal rights will be affected by the settlement of this lawsuit. Please read this notice carefully. It explains the lawsuit, the settlement, and your legal rights, including excluding yourself from the settlement, or objecting to the settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **IF YOU DO NOTHING** | If the Court approves the settlement and you do nothing (and if Equifax has or you provide your email address), you will receive by email an activation code that you can use for eighteen months of free credit monitoring service (EQUIFAX CREDIT WATCH GOLD WITH SCORES). If you are already enrolled in this credit monitoring service, you may extend your |

| | |
|---|---|
| | subscription by eighteen months. You will not be able to sue Equifax on a class or aggregate basis related to the failure to list the public records vendor in consumer credit file disclosures. The settlement does not affect any individual claim you may personally have. Equifax will substantially change the manner in which it reports public records in the credit file disclosures of all consumers. |
| **IF YOU EXCLUDE YOURSELF FROM THE SETTLEMENT** | You can exclude yourself from the settlement completely ("opt out"). You can opt out of the Settlement altogether by following the instructions on the Settlement website, http://JenkinsClassAction.com. You must submit the form by [date]. You will not receive the credit monitoring service. You will not have any right to object, but you also will not be bound by the terms of this Settlement. You will also have the right to sue Equifax relating to the failure to list the public records vendor in consumer credit file disclosures. |

## 1.   WHY DID I RECEIVE THIS NOTICE?

A Court authorized the notice because you have a right to know about a proposed settlement of this class action lawsuit and all of your options before the Court decides whether to give "final approval" to the settlement. This notice explains the lawsuit, the settlement, and your legal rights. Judge Hannah Lauck of the United States District Court for the Eastern District of Virginia, is overseeing this class action. The case is known as *James Jenkins, et al. v. Equifax Information Services LLC*, Case No. 3:15-cv-00443-MHL (the "Lawsuit").

## 2.   WHAT IS THIS LAWSUIT ABOUT?

Plaintiffs are consumers who requested a copy of credit file disclosures from Equifax. At the time of the requests, their credit file disclosures contained one or more public record items (such as a bankruptcy, lien or judgment). Equifax did not identify its public records vendor(s) as the source(s) of the public record information consumer credit file disclosures it provided to Plaintiffs. Plaintiffs sued Equifax because they believe that this violated the FCRA.

### *How the Defendant Responded*
Equifax denies all claims and allegations of wrongdoing asserted in the lawsuit and contends that it acted lawfully and in compliance with the FCRA at all times. Notwithstanding the denial of liability and alleged unlawful conduct, Equifax has decided it is in its best interest to settle the Lawsuit to avoid the burden, expense, risk, and uncertainty of continuing the litigation.

## 3.   HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

You are affected by the settlement because Equifax's records indicate that you received a disclosure from Equifax containing a public record between July 28, 2013 and April 14, 2016. Specifically, for the purposes of settlement only, the Court has provisionally certified a Settlement Class defined as follows:

> All consumers in the United States who, from July 28, 2013, through April 14, 2016, received a credit file disclosure from Equifax containing a public record.

If you fall within the foregoing Settlement Class definition, you will be a Settlement Class Member unless you exclude yourself.

## 4.    WHAT DOES THE SETTLEMENT PROVIDE?

If the Court approves the Settlement, you are entitled to 18 months of EQUIFAX CREDIT WATCH GOLD WITH SCORES credit monitoring service at no cost to you. The retail monetary value of this service is $269.10. You will have online access to your Equifax credit report and a credit score at no cost to you for the entire 18 month period. Equifax will substantially change the manner in which it reports public records in the credit file disclosures of all consumers to include the name and address of the vendor that provides the public record and it will change the way that it handles consumer disputes of such records.

## 5.    WHAT HAPPENS IF I DO NOTHING?

If you do nothing, you remain in the class. If you provide Equifax with a valid email address or if it otherwise has one, you will receive an activation code for 18 months of credit monitoring from Equifax and you will be precluded from suing Equifax on a class or aggregate basis later regarding the claims settled by the Lawsuit. The settlement does not affect any individual claim you may personally have. Equifax will make the changes to how it reports public records.

## 6.    WHAT AM I GIVING UP TO GET A BENEFIT OR STAY IN THE SETTLEMENT CLASS?

Unless you exclude yourself, you are staying in the Settlement Class, which means that you cannot be part of any other class or aggregate lawsuit against the Defendant (or other parties released by the settlement) about the legal claims in this case and legal claims that could have been brought in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you do not exclude yourself from the Settlement Class, you will agree to a "Release of Claims," stated below, which describes exactly the legal claims that you give up if you get settlement benefits. Basically, you are only releasing your right to sue on a class or aggregate basis for any violation of Federal or State law arising from or in connection with Defendant's failure to list its public records vendor as the source of public records information in credit file disclosures. The settlement does not affect any individual claim you may personally have.

The "Release" contained in the Settlement Agreement states:

As of the Effective Date of the Settlement, the Plaintiffs and each Settlement Class Member, their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, shall be deemed to have fully, finally and forever released the Released Parties from all Released Claims described in Sections 2.18 and 2.19 above. Without limiting the foregoing, the Settlement Class Members will forever release, waive, and be barred from asserting any claims arising out of or relating to the claims in the Action on a class or other aggregate basis. This includes initiating or joining a lawsuit filed as a class action (certified or uncertified) or other aggregate proceedings, either as a named plaintiff or a class member. The Settlement Class Members do not release individual claims against Equifax arising out of or relating to the claims in the Action.

The "Released Claims" are as follows:

Any and all legal or equitable asserted on behalf of a purported class or otherwise asserted on an aggregate basis that were alleged (or that could have been alleged based on the same facts and circumstances) in the Action, the Complaint or any other complaints, pleadings or other papers filed or to be filed in the Action, including (but not limited to) any claims relating to the identification of a public records vendor engaged by Equifax as a source or furnisher of public records information. "Released Claims" do not include claims asserted by individual plaintiffs solely on behalf of himself or herself, provided that the claims are not asserted in a representative capacity of any kind.

## 7.   HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

If you do not want a benefit from this settlement, but you want to maintain all of your rights to sue or continue to sue the Defendant on a class or aggregated basis about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class. This is called excluding yourself from—sometimes referred to as "opting out" of— the Settlement Class. Opting out does not guarantee that your own lawsuit will be successful and you would have to retain your own attorney.

To exclude yourself from the settlement, you must complete the attached Exclusion Request, selecting "I am opting out" where indicated, or send a letter stating that you want to be excluded from the settlement of *James Jenkins, et al. v. Equifax Information Services, LLC*. Be sure to include: (1) the name of this lawsuit, *James Jenkins, et al. v. Equifax Information Services, LLC*, Civil Action No. 3:15-cv-00443-MHL; (2) your full name, current address, and telephone number; (3) the following statement: "I request to be excluded from the class settlement in *James Jenkins, et al. v. Equifax Information Services, LLC*, United States District Court, Eastern District of Virginia, Case No. 3:15-cv-00443-MHL."; and (4) your signature. You must mail your Exclusion Request so that it is postmarked no later than _____, to:

Exclusion Requests – *Jenkins v. Equifax* Settlement Administrator

4

REQUESTS FOR EXCLUSION THAT ARE NOT POSTMARKED ON OR BEFORE
_____ WILL NOT BE HONORED.

You cannot exclude yourself on the phone or by email. You also cannot exclude yourself by mailing a request to any other location or after the deadline.

If you exclude yourself, you should promptly consult your own attorney about your rights, as the time to file an individual lawsuit is limited.

## 8.   IF I DO NOT EXCLUDE MYSELF, CAN I SUE DEFENDANT FOR THE SAME THING LATER?

Not on a class or aggregate basis. Unless you exclude yourself, you will give up the right to sue the Defendant as described above. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You may need to exclude yourself from this class action in order to continue your own lawsuit. Remember, is the deadline by which your Exclusion Request must be postmarked.

You have the right to have the attorney of your choosing (but at your own expense) advise you whether you should file a Request for Exclusion.

## 9.   DO I HAVE A LAWYER IN THIS CASE?

The Class Representatives retained Leonard A. Bennett and Matthew J. Erausquin, Consumer Litigation Associates, P.C., 763 J. Clyde Morris Blvd., Suite 1-A, Newport News, VA 23601, Kristi Kelly, Kelly & Crandall, 4084 University Drive, Fairfax, VA 22030, and Jim Francis, Francis & Mailman James A. Francis, 100 South Broad Street, Philadelphia, PA 19110 to represent them. In connection with the preliminary approval of the settlement, the Court appointed these attorneys to represent you and other Class Members. Together, the lawyers are called Class Counsel. You will not be separately charged by these lawyers for their work on the case. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 10.   HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court for an award of attorneys' fees and costs of up to $2,800,000, which the Defendant has agreed not to oppose. Any attorneys fee would be separately paid by Equifax. However, the Court may ultimately award less than the amount requested. The costs of this notice to you and the costs of administering the settlement will be paid by Defendant.

## 11.   IS THE CLASS REPRESENTATIVE ENTITLED TO A SEPARATE PAYMENT?

The Class Representatives will ask the Court to approve a payment of an amount not to exceed $5,000 for each Class Representative as a service award for their efforts and time expended in prosecuting this case. The Court may ultimately award less than this amount. In addition, the nine named Plaintiffs are releasing Equifax from all remedies or damage claims in this case (not only those that class members would release).

## 12. HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?

If you are a Settlement Class Member, you can object to the settlement if you do not think any part of the settlement is fair, reasonable, and/or adequate. You can and should explain the detailed reasons why you think the Court should not approve the settlement, if this is the case. The Court and Class Counsel will consider your views carefully. To object, you must send a letter stating that you object to the settlement in the *Jenkins v. Equifax Information Services, LLC* case. Be sure to include (1) the name of this lawsuit, *Jenkins v. Equifax Information Services, LLC,* Civil Action No. 3:15-cv-443; (2) your full name, current address, and telephone number; (3) a sentence stating that to the best of your knowledge, you are a member of the settlement class; (4) the factual basis and legal grounds for the objection to the settlement; (5) the identity of witnesses who you may call to testify at the Final Fairness Hearing; and (6) copies of exhibits that you may seek to offer into evidence at the Final Fairness Hearing. Mail these materials to each of these three different places so that they are postmarked no later than [date].

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court | Leonard A. Bennett | Phyllis B. Sumner |
| United States District Court | Consumer Litigation Associates, | King & Spalding LLP |
| 701 East Broad Street | P.C. | 1180 Peachtree Street NE |
| Richmond, VA 23219 | 763 J. Clyde Morris Blvd., Suite 1-A | Atlanta, GA 30309 |
| | Newport News, VA 23601 | |

You also must file a statement with the Court that tells the Court the date that you also mailed or delivered copies of these papers to Class Counsel and Defense Counsel.

There are additional requirements necessary for your attorney if you retain one. These requirements are stated in the Settlement Agreement, which is available at _____.

## 13. WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you remain in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object to this settlement because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend, and you may ask to speak, but you do not have to.

## 14. WHEN AND WHERE WILL THE COURT DECIDE TO APPROVE THE SETTLEMENT?

The Court will hold a Fairness Hearing on _____ at the United States District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, VA 23219. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have submitted timely requests to speak at the hearing. The Court may also decide the amount that Class Counsel and the Class Representatives shall be paid. After the hearing, the Court will decide

whether to finally approve the settlement.

## 15. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 16. MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in the *Jenkins, et al. v. Equifax Information Services, LLC* case." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be sent to the Clerk of the Court, Class Counsel and Defense Counsel, at the three addresses previously provided above and must be received by the Clerk of the Court by_____. You cannot speak at the hearing if you have excluded yourself.

## GETTING MORE INFORMATION

## 17. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

This notice summarizes the proposed settlement. More details can be found on the settlement website at **http://JenkinsClassAction.com** which includes the complaint, Settlement Agreement, and other important settlement documents.

## 18. HOW DO I GET MORE INFORMATION?

You can visit the website at **http://JenkinsClassAction.com.** If you have questions about the case, you can call toll free (877) FCRA-LAW (877-327-2529), or write to the Class Counsel, Leonard A. Bennett, Consumer Litigation Associates, P.C., 763 J. Clyde Morris Blvd., Suite 1-A, Newport News, VA 23601.

### PLEASE, DO NOT CALL THE COURT, THE CLERK, OR THE DEFENDANT REGARDING THIS SETTLEMENT.

**EXHIBIT "4"**

**Exclusion Request – *Jenkins v. Equifax Information Services LLC* Settlement Administrator**

**Receive No Settlement Benefits**

**If you choose this option, you are removing yourself from this settlement and will not receive the option to obtain free credit monitoring or participate in any other settlement benefits. If you opt out, you may file your own lawsuit with your own lawyer without any limitations imposed by this Settlement.**

To exclude yourself from the settlement, you must complete the attached Exclusion Request, selecting "I am opting out" where indicated, OR send a letter stating that you want to be excluded from the settlement of the *Jenkins v. Equifax Information Services LLC* case. Be sure to include: (1) the name of this lawsuit, *James Jenkins, et al., v. Equifax Information Services LLC,* Civil Action No. 3:15-cv-00443-MHL; (2) your full name, current address, and telephone number; the following statement: "I request to be excluded from the class settlement in *James Jenkins, et al., v. Equifax Information Services LLC,* United States District Court, Eastern District of Virginia, Case No. 3:15-cv-00443-MHL"; and your signature.

You must mail your Exclusion Request so that it is postmarked no later than _____ to:
Exclusion Requests – *Jenkins v. Equifax* Settlement Administrator
_____ [address]

---

**Exclusion Request – *Jenkins v. Equifax* Settlement Administrator**

FILL OUT AND RETURN THIS FORM ONLY IF YOU WISH TO EXCLUDE YOURSELF FROM THE SETTLEMENT. IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT, YOU DO NOT NEED TO RETURN THIS FORM.

_____ I am opting out of the Settlement in *James Jenkins v. Equifax Information Services LLC, Civil* Action No. 3:15-cv-00443-MHL.

Full name: _____

Current address: _____

_____

Phone number: _____

_____
Signature

**EXHIBIT "5"**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

JAMES JENKINS, *et al., individually
and on behalf of all others similarly situated,*  :

      Plaintiffs,  :

v.  :      Civil Action No. 3:15-cv-443

EQUIFAX INFORMATION SERVICES, LLC,  :

      Defendant.  :

## PRELIMINARY APPROVAL ORDER

WHEREAS, the Court has been advised that the Parties to this action, through their respective counsel, have agreed, subject to Court approval following notice to the Settlement Class Members and a hearing, to settle the above-captioned lawsuits (the "Litigation") upon the terms and conditions set forth in the Settlement Agreement. The Settlement Agreement has been filed with the Court and the definitions set forth in the Settlement Agreement are incorporated by reference herein.

Based upon the Settlement Agreement and all of the files, records, and proceedings herein, it appears to the Court that, upon preliminary examination, the proposed settlement is fair, reasonable, and adequate. A hearing will be held on _____, 2016 at _____ A.M./P.M., after notice to the proposed Class Members to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Approval Order should be entered in the Litigation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has jurisdiction over the subject matter of the Litigation and over all settling Parties hereto.

-1-

DMSLIBRARY01\28834196.v1

2. **Settlement Class:** Pursuant to Fed. R. Civ. P. 23(b)(3), the matter is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following classes of plaintiffs (the "Settlement Class Members" or "Settlement Class"):

> All consumers in the United States who, within two years preceding the filing of this Action until the date of preliminary approval, received a credit file disclosure from Equifax containing a public record.

Members of the Settlement Class are hereafter referred to as "Settlement Class Members."

3. **Class Representative Appointment:** Pursuant to Fed. R. Civ. P. 23, the Court preliminary certifies James Jenkins, Natasha Thomas, Keith Bohannon, Hampton Brown, Rachel Simms, Connie Voss, Carolyn Clark, James Neill, and Nathaniel Lewis as the class representatives for the Class.

4. **Class Counsel Appointment:** Having considered the work that Class Counsel has done in investigating potential claims in this action, counsel's experience in handling class actions and other complex litigation, counsel's experience in handling claims of the type asserted in this action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class, the following attorneys are preliminarily appointed as class counsel under Fed. R. Civ. P 23(g)(1): Leonard A. Bennett, Matthew J. Erausquin, Susan M. Rotkis, and Casey S. Nash of Consumer Litigation Associates, P.C., Kristi C. Kelly and Andrew J. Guzzo of Kelly & Crandall, PLC, and James A. Francis and John Soumilas of Francis & Mailman, P.C.

5. **Preliminary Certification of the Class** – The Court preliminarily finds that this matter and the Settlement Class satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court preliminarily finds that:

a. The Class Members are so numerous that joinder of all of them in the lawsuit is impracticable;

b. There are questions of law and fact common to the Settlement Class Members, which

predominate over any individual questions;

c.    The claims of the Class Representatives are typical of the claims of the Class Members;

d.    The Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

e.    The Court finds that as to this Settlement Class, class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy. Consequently, the Court finds that the requirements for certification of a conditional settlement class under Rule 23(b)(3) are satisfied.

6.    **Class Action Administration:** Class Counsel will appoint _____ as the Settlement Administrator. The Settlement Administrator shall oversee the administration of the settlement and the notification to proposed Settlement Class Members as directed in the Settlement Agreement. Notice and Administration Expenses shall be paid in accordance with Section 6.1 of the Settlement Agreement.

7.    **Class Notice:** The Court approves the form and content of the Class Notice and the Approval Notice attached as Exhibits 6 and 1 to the Settlement Agreement. The proposed forms and methods for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. The proposed notice constitutes the best notice that is practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice. The Court finds that the proposed notice concisely and clearly states, in plain, easily understood language, the nature of the action; the definition of the class certified; the class claim, issues, and defenses; that a class member may enter an appearance through counsel if the member so desires; that the

-3-

Court will exclude from the class any member entitled to exclude him or herself who requests exclusion; the time and manner for requesting exclusion, if applicable; and the binding effect of a class judgment on class members. The Notice Plan is designed for notice to reach a significant number of class members and is otherwise proper under Rule 23(e)(l).

This Court approves the form and content of the Opt-Out Form attached as Exhibit 4 to the Settlement Agreement.

Based on the foregoing, the Court hereby approves the Notice Plan developed by the Parties and directs that the plan be implemented according to the Settlement Agreement. The Court finds that the Notice Plan directs notice in a reasonable manner under Rule 23(e)(l) and satisfies due process.

8.      **Exclusions from the Settlement Class:** All Settlement Class Members shall be given the opportunity to opt out of the Settlement Class by submitting a Request for Exclusion. All Requests for Exclusion must be in writing, sent to the Settlement Administrator and postmarked no later than thirty (30) days before the Final Approval Hearing.  To be valid, a Request for Exclusion must be personally signed and must include: (i) name, address and telephone number; (ii) and a statement substantially to the effect that: "I request to be excluded from the class settlement in Jenkins v. Equifax Information Services, LLC, United States District Court, Eastern District of Virginia." A Request for Exclusion submitted on the Opt-Out Form shall be presumed valid.  Notwithstanding the foregoing, no person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may submit a Request for Exclusion of any other person within the Settlement Class.  Requests for Exclusion submitted en masse will be invalid.

9.      **Objections:** Any individual within the Settlement Class, who has not previously opted-out in accordance with the terms of Paragraph 8 above, may appear at the Final Fairness

-4-

Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and costs and the service award to Plaintiffs; provided, however, that no individual within the Settlement Class shall be heard, and no objection may be considered, unless the individual files the objection in writing with the Court no later than thirty (30) days before the Final Fairness Hearing and serves the written objection so that it is received by Counsel and the Settlement Administrator no later than thirty (30) days before the Final Fairness Hearing. Copies of all objection papers also must be served electronically via the Court's ECF system or mailed, postmarked no later than the date listed in the Summary Notice and Long-Form Notice to each of the following: Class Counsel, Leonard Anthony Bennett, Consumer Litigation Associates, P.C., 763 J. Clyde Morris Boulevard, Suite 1-A, Newport News, VA 23601 and Equifax's Counsel, Phyllis Sumner, Esq., King & Spalding, LLP, 1180 Peachtree Street, Atlanta, GA 30309. All objections must include: (i) the objector's name, address and telephone number; (ii) a sentence stating that to the best of his or her knowledge he or she is a member of the Settlement Class; (iii) the factual basis and legal grounds for the objection to the Settlement; (iv) the identity of witnesses whom the objector may call to testify at the Final Fairness Hearing; and (v) copies of exhibits the objector may seek to offer into evidence at the Final Fairness Hearing.

Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement. Settlement Class Members who file exclusions, if applicable, may not object to the settlement.

10.   **Final Approval:** The Court shall conduct a Final Fairness Hearing on _____, 2016 at 701 East Broad Street, Richmond, VA 23219, commencing at _____ A.M./P.M. , to review and rule upon the following issues:

-5-

a. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members and should be approved by the Court;

b. Whether the Final Approval Order should be entered, dismissing the Litigation with prejudice and releasing the Released Claims against the Released Parties; and

c. To discuss and review other issues as the Court deems appropriate.

11.     Settlement Class Members need not appear at the Final Fairness Hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class Members wishing to be heard regarding their objection are, however, required to indicate in their written objection whether or not they intend to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class Members.

12.     An application or applications for attorneys' fees and reimbursement of costs and expenses by Class Counsel, as well as applications for class representative service awards, shall be made in accordance with Section IV of the Settlement Agreement and shall be filed with the Court no later than ten (10) days before the Final Fairness Hearing. Further submissions by the Parties, including memoranda in support of the proposed settlement and responses to any objections, shall be filed with the Court no later than ten (10) days prior to the Final Fairness Hearing. The Court will permit the supplementation of any filings by objectors as to attorneys' fees and costs at any date up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion. The Parties may respond to this supplementation.

13.     All proceedings in this Action are stayed pending final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

DMSLIBRARY01\28834196.v1

14.     Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims; provided, however, that this injunction shall not apply to individual claims of anyone who timely excludes themselves from the Settlement in a manner that complies with Paragraph 8 above.  This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court's flexibility and authority to effectuate the Settlement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

15.     If the Settlement Agreement and/or this Order are voided per Section IX of the Settlement Agreement:

a.  The Settlement Agreement shall have no further force and effect and shall not be offered in evidence or used in the Litigation or in any other proceeding.

b.  Counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from the Settlement Agreement set aside, withdrawn, and stricken from the record;

c.  The Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and

d.  The Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

DMSLIBRARY01\28834196.v1

16.     The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

Dated: _____          _____

                                        M. Hannah Lauck
                                        United States District Judge

DMSLIBRARY01\28834196.v1

**EXHIBIT "6"**

*Jenkins v. Equifax*, Case No. 3:15-cv-00443-MHL,
United States District Court for the Eastern District of Virginia

Class Administrator
[address]

<<mail id>> <<Name1>> <<Name2>>                                    <<Date>>
<<Address1>> <<Address2>>
<<City>><<State>><<Zip>>

## COURT ORDERED NOTICE OF CLASS ACTION SETTLEMENT

You may be a member of the settlement class in the above-captioned lawsuit, in which the plaintiffs allege that Equifax violated the Fair Credit Reporting Act by issuing consumer disclosures containing "public record" information (such as tax liens, judgments, and bankruptcies) without identifying the vendor(s) it employed to obtain the information from courthouses and other government offices. If so and the Settlement is approved, you will receive a free 18 months subscription to EQUIFAX CREDIT WATCH GOLD WITH SCORES (or, if you are already enrolled in this Equifax credit monitoring service, an additional 18 months) which has a $ 270.00 value.

The Court has preliminarily approved this settlement. It will hold a Final Fairness hearing in this case on _____, 2016. If the Court grants final approval, Equifax will send activation codes to the class members by email. You will release your right to bring such a claim on a collective or class basis. The settlement does not affect any individual claim you may personally have. In exchange, Equifax has agreed to make substantial changes to the way it reports public records in its credit reports.

- If you are receiving this notice by email, Equifax will send the activation code to the same email address, **unless you ask Equifax to send your activation code to a different email address that you provide by [date].**

- If you are receiving this notice by U.S. Mail, **you must provide Equifax with a valid email address by [date] in order to receive 18 months of free credit monitoring.**

**To provide Equifax a valid email address so that you can obtain 18 months of free credit monitoring, please visit [settlement website]. You may also obtain a more complete class notice and other important documents from the website. Alternatively, you may call [settlement number].**

*If you do not want to participate in this settlement—you do not want to receive 18 months of free credit monitoring and you do not want to be bound by any judgment entered in this case—you may exclude yourself by submitting a completed opt-out form. You may obtain the opt-out form by visiting [settlement website] or by calling [settlement number].*

For more information about your rights, you may contact the attorneys at Consumer Litigation Associates, P.C. at:

Email: intake@clalegal.com
Nationwide toll-free: 877-FCRA-LAW (877-327-2529)
Northern Virginia office: 703-273-7770
Hampton Roads office: 757-930-3660