-1-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

JAMES JENKINS, *et al.*, *individually* :
*and on behalf of all others similarly situated,* :
                                    :
    Plaintiffs, :
                                    :
v. : Civil Action No. 3:15-cv-443
                                    :
EQUIFAX INFORMATION SERVICES, LLC, :
                                    :
    Defendant. :

## AMENDED PRELIMINARY APPROVAL ORDER

WHEREAS, the Court has been advised that the Parties to this action, through their respective counsel, have agreed, subject to Court approval following notice to the Settlement Class Members and a hearing, to settle the above-captioned lawsuits (the "Litigation") upon the terms and conditions set forth in the Settlement Agreement. The Settlement Agreement has been filed with the Court and the definitions set forth in the Settlement Agreement are incorporated by reference herein.

Based upon the Settlement Agreement and all of the files, records, and proceedings herein, it appears to the Court that, upon preliminary examination, the proposed settlement is fair, reasonable, and adequate. A hearing will be held on September 21, 2016 at 2:00 ~~A.M.~~/P.M. after notice to the proposed Class Members to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Approval Order should be entered in the Litigation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Court has jurisdiction over the subject matter of the Litigation and over all settling Parties hereto.

2. **Settlement Class:** Pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3), the matter is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following classes of plaintiffs (the "Settlement Class Members" or "Settlement Class"):

> All consumers in the United States who, within two years preceding the filing of this Action until the date of preliminary approval, received a credit file disclosure from Equifax containing a public record.

Members of the Settlement Class are hereafter referred to as "Settlement Class Members."

3. **Injunctive Relief:** Pursuant to Fed. R. Civ. P. 23(b)(2), within 90 days after Final Approval of the Settlement, Equifax will add text to the top of the public records section of any consumer disclosure containing a public record, which will identify the name, physical address, and website of the vendor that supplies any public record in the File that could be furnished in a Consumer Report.

4. **Class Representative Appointment:** Pursuant to Fed. R. Civ. P. 23, the Court preliminary certifies James Jenkins, Natasha Thomas, Keith Bohannon, Hampton Brown, Rachel Simms, Connie Voss, Carolyn Clark, James Neill, and Nathaniel Lewis as the class representatives for the Class.

5. **Class Counsel Appointment:** Having considered the work that counsel has done in investigating potential claims in this action, counsel's experience in handling class actions and other complex litigation, counsel's experience in handling claims of the type asserted in this action, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class, the following attorneys are preliminarily appointed as Class Counsel under Fed. R. Civ. P 23(g)(1): Leonard A. Bennett, Matthew J. Erausquin, Susan M. Rotkis, and Casey S. Nash of Consumer Litigation Associates, P.C., Kristi C. Kelly and Andrew J. Guzzo of Kelly & Crandall, PLC, and James A. Francis and John Soumilas of Francis & Mailman, P.C.

6. **Preliminary Certification of the Class** – The Court preliminarily finds that this matter and the Settlement Class satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court preliminarily finds that:

   a. The Class Members are so numerous that joinder of all of them in the lawsuit is impracticable;

   b. There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

   c. The claims of the Class Representatives are typical of the claims of the Class Members;

   d. The Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

   e. The Court finds that as to this Settlement Class, class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy. Consequently, the Court finds that the requirements for certification of a conditional settlement class under Rule 23(b)(3) are satisfied.

7. **Class Action Administration:** Class Counsel will appoint Kurtzman Carson Consultants as the Settlement Administrator. The Settlement Administrator shall oversee the administration of the settlement and the notification to proposed Settlement Class Members as directed in the Settlement Agreement. Notice and Administration Expenses shall be paid in accordance with Section 6.1 of the Settlement Agreement.

8. **Class Notice:** The Court approves the form and content of the Class Notice and the Approval Notice attached as Exhibits 6 and 1 to the Settlement Agreement. The proposed forms and methods for notifying the Settlement Class Members of the settlement and its terms

and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. The proposed notice constitutes the best notice that is practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice. The Court finds that the proposed notice concisely and clearly states, in plain, easily understood language, the nature of the action; the definition of the class certified; the class claim, issues, and defenses; that a class member may enter an appearance through counsel if the member so desires; that the Court will exclude from the class any member entitled to exclude him or herself who requests exclusion; the time and manner for requesting exclusion, if applicable; and the binding effect of a class judgment on class members. The plan for sending notice is designed for notice to reach a significant number of class members and is otherwise proper under Rule 23(e)(1).

This Court approves the form and content of the Opt-Out Form attached as Exhibit 4 to the Settlement Agreement.

Based on the foregoing, the Court hereby approves the plan for sending notice developed by the Parties and directs that the plan be implemented according to the Settlement Agreement. The Court finds that the plan for sending notice directs notice in a reasonable manner under Rule 23(e)(1) and satisfies due process.

9. **Exclusions from the Settlement Class:** All Settlement Class Members shall be given the opportunity to opt out of the Settlement Class by submitting a Request for Exclusion. All Requests for Exclusion must be in writing, sent to the Settlement Administrator and postmarked no later than thirty (30) days before the Final Approval Hearing. To be valid, a Request for Exclusion must be personally signed and must include: (i) name, address and telephone number; (ii) and a statement substantially to the effect that: "I request to be excluded from the class settlement in Jenkins v. Equifax Information Services, LLC, United States District Court, Eastern District of Virginia." A Request for Exclusion submitted on the Opt-Out Form

shall be presumed valid. Notwithstanding the foregoing, no person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may submit a Request for Exclusion of any other person within the Settlement Class. Requests for Exclusion submitted en masse will be invalid.

10. **Objections:** Any individual within the Settlement Class, who has not previously opted-out in accordance with the terms of Paragraph 8 above, may appear at the Final Fairness Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and costs and the service award to Plaintiffs; provided, however, that no individual within the Settlement Class shall be heard, and no objection may be considered, unless the individual files the objection in writing with the Court no later than thirty (30) days before the Final Fairness Hearing and serves the written objection so that it is received by Counsel and the Settlement Administrator no later than thirty (30) days before the Final Fairness Hearing. The written objection must indicate whether the class member and/or his lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing must also enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than thirty (30) days before the Final Fairness Hearing and shall include the full style and case number of each previous class action case in which that counsel has represented an objector. Copies of all objection papers also must be served electronically via the Court's ECF system or mailed, postmarked no later than the date listed in the Summary Notice and Long-Form Notice to each of the following: Class Counsel, Leonard Anthony Bennett, Consumer Litigation Associates, P.C., 763 J. Clyde Morris Boulevard, Suite 1-A, Newport News, VA 23601 and Equifax's Counsel, Phyllis Sumner, Esq., King & Spalding, LLP, 1180 Peachtree Street, Atlanta, GA 30309. All objections must include: (i) the objector's name, address and telephone number; (ii) a sentence stating that to the best of

his or her knowledge he or she is a member of the Settlement Class; (iii) the factual basis and legal grounds for the objection to the Settlement; (iv) the identity of witnesses whom the objector may call to testify at the Final Fairness Hearing; and (v) copies of exhibits the objector may seek to offer into evidence at the Final Fairness Hearing.

Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement. Settlement Class Members who file exclusions, if applicable, may not object to the settlement.

11. **Final Approval:** The Court shall conduct a Final Fairness Hearing on September 21, 2016 at 701 East Broad Street, Richmond, VA 23219, commencing at 2:00 A.M./~~P.M.~~ to review and rule upon the following issues:

(i) whether the Action, only for the purposes of the Settlement, may be maintained as a class action on behalf of the Settlement Class; (ii) whether Plaintiffs fairly and adequately represent the interests of the Settlement Class; (iii) whether Class Counsel adequately represent Plaintiffs and the Settlement Class; (iv) whether the class notice satisfied the requirements of due process, the Federal Rules of Civil Procedure and any other applicable laws; (v) whether the Settlement is fair, reasonable and adequate to the Settlement Class and that each Settlement Class Member is bound by the Settlement, including the releases set forth in the Settlement Agreement; (vi) whether the Settlement represents a fair resolution of all Released Claims asserted on behalf of the Settlement Class and fully and finally resolves and releases all such Released Claims; (vii) whether the Settlement should be and is approved; (viii) the amount of attorney's fees and costs awarded to Class Counsel and any service award to Plaintiffs; (ix) confirm the opt-outs from the Settlement; (x) dispose of any objections; (xi) dismiss, on the merits and with

prejudice all claims in the Action, and permanently enjoin each and every Settlement Class Member from bringing, joining, or continuing to prosecute against the Released Parties and Released Claims, and enter judgment thereon; (xii) order the Injunctive Relief; (xiii) retain jurisdiction of all matter relating to the modification, interpretation, administration, implementation, effectuation, and enforcement of this Agreement and the Settlement.

12. Settlement Class Members need not appear at the Final Fairness Hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class Members wishing to be heard regarding their objection are, however, required to indicate in their written objection whether or not they intend to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class Members.

13. An application or applications for attorneys' fees and reimbursement of costs and expenses by Class Counsel, as well as applications for class representative service awards, shall be made in accordance with Section IV of the Settlement Agreement and shall be filed with the Court no later than ten (10) days before the Final Fairness Hearing. Further submissions by the Parties, including memoranda in support of the proposed settlement and responses to any objections, shall be filed with the Court no later than ten (10) days prior to the Final Fairness Hearing. The Court will permit the supplementation of any filings by objectors as to attorneys' fees and costs at any date up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion. The Parties may respond to this supplementation.

-8-

14. All proceedings in this Action are stayed pending final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

15. Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims; provided, however, that this injunction shall not apply to individual claims of anyone who timely excludes themselves from the Settlement in a manner that complies with Paragraph 8 above. This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court's flexibility and authority to effectuate the Settlement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

16. If the Settlement Agreement and/or this Order are voided per Section IX of the Settlement Agreement:

 a. The Settlement Agreement shall have no further force and effect and shall not be offered in evidence or used in the Litigation or in any other proceeding.

 b. Counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from the Settlement Agreement set aside, withdrawn, and stricken from the record;

 c. The Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to

-9-

any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and

d. The Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

17. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

Dated: 7/7/16

/s/ MHL
M. Hannah Lauck
United States District Judge

M. Hannah Lauck
United States District Judge