IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES JENKINS, et al.,  :
individually and on behalf of all  :  Docket No.
others similarly situated, Plaintiffs,  :  Civil Action No. 3:15-cv-00443-MHL
   :
v.  :
   :
   :
EQUIFAX INFORMATION SERVICES,  :
LLC, Defendant.  :



1. Class Member's Objection to Settlement Agreement

2. Request for Court Funded Stenographer to Transcribe the Telephone Message Class Members are Referred to by the Postcard Mailed to Them

3. Motion for Sanctions Against Class Counsel

4. Motion for Sanctions Against Defense Counsel

5. Motion for continuance for Court to implement Sanctions

6. Motion for continuance to allow more Class Members to object

Summary of Objection

Class Counsel and/or Defense Counsel waited until there were only less than 10 days left prior to the deadline for Class Members to object to the settlement offer before they even gave first notification to Class Members that they had been victimized and were members of a Class.  Class Counsel and Defense Counsel entered into a preliminary agreement that serves their own individual best interests, not the best interests of the victims.

The agreement does not, in any way, serve the best interests of the victims in this case. The late notification to Class Members omits any mention of their right to object to the settlement offer [See Exhibit A]. The webpage that Class Members are referred to omits any mention of the Class Member's rights to object to the settlement offer [Exhibit B]. The telephone message Class Members hear when they call the toll free telephone number provided in the mailing omits any mention of the member's right to object[1]. The members of the class only find out about their right to object if they know enough to look for it.

On the telephone menu, they must select approximately 5 levels of menus, back and forth, before they even hear detailed instructions informing them that they can object and they won't find it unless they are intentionally looking for it. On the webpage they must click on two separate webpage links, out of at least 24 possible links, before they find any detailed instruction informing them of their right to object and they won't find it unless they're looking for it and choose not to give up until they find it. The court filings disclosed on the webpage are sparse. The single document that Class Members are most likely to read is the proposed settlement and both the Caption Heading for the court case and the Certificate of Service were removed from that document [See Exhibit C; first and last page of settlement agreement]. The Certificate of Service was also removed from the other three documents that appear on the webpage [See Exhibit D; last pages of other posted documents]. Not once does the name and address for the Defense Counsel or the Clerk of the Court appear on any of the documents.

---

[1] This Class Member requests that the Court pay for the cost to have the entire phone menu and its recordings transcribed or that the Court listen to the initial message that is played when Class Members call the number provided in the notice that was mailed via postcard.

Class Counsel and Defense Counsel went to great lengths to make it nearly impossible for Class Members to even find out that they have a right to object. They went to further lengths to ensure that Class Members would not be able to easily learn that they had to include a Certificate of Service with their objection. Counsels went still further out of their way to hide the addresses of the Court and both lead counsels. Counsels also buried the fact that Class Members had several Counsels, not just Mr. Bennett, who is the master recipient of the $2.8 million in legal fees that he will receive if all Class Members fail to object.

## Basic Time Line

Date Class Action Lawsuit was Filed: July 28, 2015

Date of Preliminary Approval Order for proposed settlement: July 7, 2016

Date of First informing Victims that they are Class Members: Sep 21, 2016

Date of This Class Member's Good Faith Effort to inform Class Counsel and Defense Counsel that he OBJECTS to the proposed settlement: September 22, 2016 [See Exhibit E; Emails to Class Counsel].

Date of This Class Member issuing Press Release to notify the public and all other parties and counsels associated with this case that he OBJECTS: September 23, 2016 [See Exhibit F; Emails to CNBC and other media outlets in Pennsylvania and Louisiana].

Date that Class Members' formal objections to the proposed settlement are due in Court: September 28, 2016.

## Argument

The lawsuit was filed in January of 2015 and a proposed settlement favoring the interest of Equifax and the Attorneys representing the Class Members was preliminarily approved on July 7, 2016, pending only objections by the Class Members who claim the settlement is unfair. The deadline for Class Members to object is September 28, 2016. Class Members were not informed of their even being Class Members until September 21, 2016. The instructions do not inform Class Members that they have a RIGHT to object. The toll free telephone message that Class Members are referred to does not inform Class Members that they have a RIGHT to object. The webpage that Class Members are referred to does not inform Class Members that they have a RIGHT to object.

In order to find out that a Class Member has a RIGHT to object to the fairness of the proposed settlement, the Class Member must hunt around a complicated phone menu, click on two additional webpage links or already be informed of his or her RIGHTS. The reason the proposed settlement is unfair to Class Members and also unfair to Plaintiffs is because the Class Counsel is being paid $2.8 million dollars, the victims who are Plaintiffs can be paid no more than $5,000 but may not get that much and the victims who are Class Members get no cash at all.

According to the postcard notice mailed via postcard, Class Members only get an 18 month subscription to an Equifax credit monitoring service called EQUIFAX CREDIT WATCH GOLD WITH SCORES, "a $270.00 value [See Exhibit A]". According to the Equifax commercial webpage, "**Equifax Credit Watch™ Gold & Credit Scores**" sells

for $14.95 per month [See Exhibit G; Equifax commercial webpage for its GOLD service], which is only a value of $269.10 for 18 months of service. The Class Members are being cheated out of an additional $0.90 of value.

    This Class Member cannot benefit from free credit monitoring. This Class Member no longer has credit. The actions of Equifax, which are cited by Counsels representing the Plaintiffs and Class Members as the basis of their lawsuit and which have been recognized by the Court as constituting valid grievances have impeded the ability of all Class Members, including This Class Member, to obtain and use credit. The Class Counsel is being unduly compensated for the victimization that was done to This Class Member. The Class Counsel is also being unduly compensated for the victimization that was done to all other Class Members.

This Space Left Blank

(Continued on Next Page)

## Proposed Settlement

This Class Member retains his right to remain a member of the class and is willing to accept $100,000 cash from the Class Counsel or Defendant in exchange for withdrawing his objection. This Class Member is also requesting to be paid, by the Class Counsel or the Defendant, $0.90 times the total number of Class Members (regardless of whether or not they register for the Equifax GOLD service) as compensation for his having raised the Objection on the matter of all Class Members being cheated out of $0.90 of value[2] and as compensation for the damage created when all the Class Members were cheated out of that $0.90. This Class Member is also requesting that all Class Members be paid $270.00 by the Defendant to compensate them for their having been victimized too.

If the Court denies the payment of $100,000, then This Class Member is also willing to accept being raised to the level of Plaintiff but still objects to the settlement cap of $5,000 and proposes a settlement floor of $50,000 for each Plaintiff. If the Court denies the payment to This Class Member of $0.90 per total number of Class Members, then This Class Member proposes that Class Counsel must send a check for $0.90 to each Class Member, regardless of whether or not they register for the Equifax GOLD service.

---

[2] So if there are 10 Class Members, This Class Member will be paid $9.00. If there are 100,000 Class Members, This Class Member will be paid $90,000 and so on.

### Request for Court Funded Stenographer

This Class Member is *In forma Pauperis* and cannot afford the cost of a Stenographer. This Class Member respectfully requests that the Court ORDER that the complete toll free telephone messages, under all of the menu and submenu options, be transcribed and submitted to the Court prior to the Fairness Hearing, with a copy being provided to This Class Member and made available to all Class Members online.

### Motion for Sanctions Against Class Counsel

This Class Member respectfully requests that sanctions be imposed on the current Class Counsel on the grounds that he, and all other Class Counsels, entered into a proposed settlement agreement that serves their best financial interest at the expense of the victims whose interests they claim to represent. The Class Counsel arranged for himself to receive payment of $2.8 million, while the victimized members of the Class receive no cash at all.

Class Counsels have demonstrated their ineffectiveness in representing the best interest of the Class Members and should be removed from the case. This Class Member requests that the Court appoint a new Conflict Counsel who is paid by the court to represent the Class Members of this case.

This Class Member further respectfully requests that the Court ORDER the Class Counsel to send out a second detailed notice that informs all Class Members of their RIGHT to object to the settlement, the need for a Certificate of Service, that a copy of a Certificate of Service for objecting in this case be posted on the case webpage, that ALL

documents filed in this case be posted on the case webpage, that all Class Members be explicitly informed in the mailing that the Class Counsel will receive $2.8 million for representing the Class Members who were victimized (ie: them), while they receive no cash at all. This Class Member further requests that the Court ORDER Class Counsel send to each Class Member a formatted objection form that contains short descriptions of all objections that Class Members are likely to have and a place to make check marks along side each objection before the Class Member mails it in.

### Motion for Sanctions Against Defense Counsel

This Class Member respectfully requests that the Court impose sanctions on the Defense Counsel. The Defense Counsel entered into a preliminary settlement agreement that sought to pay off the Class Counsel at the expense of the victims; (ie: the Class). Class Members will receive no cash at all, while the Class Counsel receives $2.8 million. Yet, Class Counsel was not the victim. This Class Member respectfully requests that the Court ORDER the Defendant's law firm to remove the current Defense Counsel from the case.

### Motion for Continuance for Court to implement Sanctions

This Class Member respectfully requests that the Court allow for a 365 day continuance on this case to allow for the Class Counsel to fully inform all Class Members of their membership in the Class and of their RIGHT to object to the proposed settlement, to allow time for all court filings in this case to be posted online, to allow for

a Certificate of Service form for Class Member objections in this case to be posted online, to allow for This Class Member to inform the public via Facebook and Youtube that Class Counsel gets $2.8 million, while the Class Members (ie: the victims) get no cash at all, to allow time for This Class Member to email local news outlets around the country about the existence of this case so that they may inform the many Class Members about the large disparity in compensation the proposed settlement brings and so they can inform Class Members that they have a Right to object and finally, to allow Class Members a meaningful amount of time to learn how to object.

### Motion for continuance to Allow More Time for Class Members to Object

This Class Member respectfully requests that the Court allow for a 365 day continuance to allow all Class Members time to discover that they are Class Members and also to allow time for them to file an objection to the proposed settlement.

### Request to Attend the Fairness Hearing via Conference Call

This Class Member requests that the Court allow him to attend the Fairness Hearing via Conference Call, Skype or Zoom.us. Because This Class Member is *in forma pauperis,* he cannot travel to Virginia to attend the hearing. He does not want his objection to be dismissed because he cannot attend the hearing in person.

If it is necessary for This Class Member to attend the fairness hearing in person, then This Class Member respectfully requests the the Court ORDER the Class Counsel or Defense Counsel to pay the full cost of his travel, lodging, board, spending cash, dry

cleaning and also the cost of purchasing two full business suits, with all necessary ties, shirts, cufflinks, undergarments, shoes, socks, belt, belt buckle, tie pin or clip and watch from the Brooks Brothers nearest to his home (likely Philadelphia or NYC) so that he may look presentable in a new and clean suit each day of the hearing.

## Request for Payment of Legal Fees

This Class Member respectfully requests that the Court ORDER the Defendant reimburse him $5,000 in Pro Se legal fees for the cost of producing and filing this OBJECTION and MOTION.

Respectfully Submitted,

Sep 26, 2016
Date

Sean M. Donahue
Pro Se

Class Member AND Member of et al.

FROM: Jean M. Donathan
625 Cleveland St
Hazleton, PA 18201