SEP 3 0 2016

CLERK, U.S DISTRICT COURT
RICHMOND VA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| JAMES JENKINS, et al., )<br>    Plaintiffs, )<br>v. )<br>EQUIFAX INFORMATION )<br>SERVICES, LLC )<br>    Defendant. ) | No. 3:15-CV00443 (MHL) |

## OBJECTION TO SETTLEMENT AND REQUEST FOR ATTORNEY'S FEES

Class member Adam Bezer, 248 Melrose Street, Apartment 2L, Brooklyn, NY 11206, hereby objects to the proposed settlement and Class Counsel's fee request.

To the best of my knowledge, I am a member of the Settlement Class.

I intend to appear and speak at the Fairness Hearing, and/or have an attorney do so on my behalf.

I do not have a home telephone number, and am not permitted to receive personal telephone calls at work. Accordingly I cannot provide a telephone number, which is indicated as a requirement in the proposed/unentered Court Orders and other settlement documents.

Plaintiffs' counsel's fee is unfairly inflated and far in excess of their lodestar. Under federal law there is a "strong presumption" that the lodestar figure is a reasonable fee. Perdue v. Kenny A., 559 U.S. 542, 130 S. Ct. 1662, 1667 (2010). Obviously, Class Counsel do not ask to be compensated with free credit protection services, as we would be compensated under this unsatisfactory agreement. Class Counsel seeks $2.8 million in fees, under a proposed settlement that provides for no class member (other than named Plaintiffs) to receive even one dollar in compensation. This is manifestly unfair.

This Court may not approve a settlement until the amount of direct benefit to the class is known. The parties must provide this Court with data as to the number of class

members. The Settlement Agreement does not set forth an estimate of either the number of class members or the number of class members who will take advantage of the "benefit" of credit protection from the Defendant.

This is improper. Valuation of a claims made settlement must be based upon actual usage of in-kind or discount relief. Even assuming that the discounted credit protection offered under the proposed settlement has any value whatsoever to class members, the settlement value cannot be established until the number of people who take advantage of the discounted credit protection is known or established. Where a settlement includes non-cash benefits that the class action defendant will never have to provide, class counsel's fee cannot be based on those estimated/hypothetical benefits.

Class Counsel have handled these viable claims in a fairly clumsy and lazy manner that does not warrant a fee award greater than the lodestar. As one representative example, Class Counsel's filed Complaint states at Page 16 of 23, in the 114th Paragraph, that the putative class would exclude "employees, officers, or directors of Experian." However, Experian (a different and unrelated credit reporting agency) is not a party to this action, and it is clear that Class Counsel prepared the Complaint by amending an existing form complaint against Experian. While a typographical error in and of itself should not necessarily reduce Class Counsel's fee award, the lazy cut-and-paste job that is demonstrated by the text of the Complaint helps illustrate the lackluster efforts of Class Counsel on behalf of the class members. (Moreover, the reference to Experian is not the only typo in the filed documents which would have a negative and substantial effect on the strength of the Class' legal arguments if each typo was not overlooked).

More telling than a typographical error (but within the same theme of clumsy laziness), is the length of time Class Counsel spent on trying to extract a fair settlement from Defendant. Class Counsel argue on Page 5 of their Memorandum of Law in support of the fee award that a "cash settlement would be impossible." But a cash settlement in any civil case is very obviously possible to a vigorous and competent litigator. Counsel emphasize that they engaged in not one but *two* mediation sessions with Hon. Stanley Birch. But honestly, how long could each of those sessions been, given Judge Birch's retired status?

This case went into mediation a mere ten weeks after it was filed. Moreover, it cannot be ignored that the summer months are much, much less productive and busy for courts and law firms because of vacations. So between August and October, 2015, when Class Counsel could have been engaging in discovery to enhance their settlement position, Class Counsel's discovery efforts were not as aggressive as they could/should have been. Additionally, we know that Class Counsel engaged in no discovery (and virtually no other investigation to enhance the class' settlement position) because Class Counsel did not file the Complaint until September 1, 2015. Class Counsel filed their proof of service on September 23, 2015, and promptly thereafter the case was stayed pending mediation.

Class Counsel did not engage in any viable efforts to obtain discovery that would enhance the class' settlement position. As a result, the mediated settlement reflects Class Counsel's clumsy laziness. Class Counsel seek to convince this Court that they have extracted valuable benefits for the class members from Defendant. That contention is a farce. The settlement "benefits" are of less utility to class members than a free Equifax

pen. Judge, I am a class member with less than perfect credit, and I respectfully ask this Court to closely consider the following predicates for settlement. Equifax is accused of harming the credit reports of people who already have bad credit. The proposed settlement would have Equifax offer a finite amount of credit protection to these same people. This is comparable to a settlement where a Ponzi scheme artist agrees to manage stock portfolios for people he stands accused of stealing money from. The idea that class members would consider it a *benefit* for Equifax to protect their credit is offensive.

Class Counsel and Defendant contend that an additional benefit to class members is the fact that Equifax agrees to identify the third parties from which it obtains the information which, in this case, harmed the credit reports of people who already have bad credit. Your Honor probably does not have lousy credit, as we class members do, but trust us: many creditors, debt collectors and others involved in the "public records" that Equifax reports are fly-by-night. They change and adapt quickly, as needed, to avoid regulation and other legal requirements. If and when Equifax identifies ABC Inc. as a third party entity providing incorrect public record data about a person's credit, that company will quickly thereafter reappear as XYZ Corp., or transfer the file to ABC, LLC. The benefit of identifying the third parties that are providing incorrect information is not really a benefit because the incorrect information will continue to be provided to Equifax. It will just be provided via third parties with ever-changing identities.

Even with regard to reputable information sources (like Lexis), this Agreement does not provide any guarantee that they will correct erroneous consumer credit data. This settlement "benefit" will send class members on a never ending wild goose chase in

an effort to have incorrect information corrected. The real issue is that Equifax reports so-called "public information" from sources like Lexis that are very non-public.

Class Counsel argue that they have achieved a groundbreaking victory that will benefit not only the class members, but the credit reporting business as a whole. They claim that this groundbreaking victory will help stop the other two major credit reporting agencies from committing similar wrongs. However, they have agreed to make sure that this groundbreaking victory remains a secret. Section 10.5 of the Settlement Agreement precludes Class Counsel from publicizing this settlement.

The documents prepared and presented by Class Counsel are misleading to such a grave extent as to bring to mind the word "fraud." Section 9.3 states that the class size is estimated within the Agreement, which is utterly false. Cash benefits under the settlement are described at Section 4.3 of the Settlement Agreement as accruing to "Plaintiffs," and not "named plaintiffs" or "class representatives." Insofar as all class members are parties as plaintiffs (and not defendants or intervenors), it is entirely reasonable for a non-lawyer class member to assume that cash benefits in differing amounts up to $5,000.00 are payable to all class members. The Settlement Agreement unfairly restricts the ability of non-named plaintiffs to opt out of the settlement. The Settlement Agreement also unfairly restricts and discourages objections in several ways, such as by requiring telephone numbers (§7.9(i)). As set forth above, the undersigned cannot provide a telephone number, and I am submitting this objection with faith that the Court will accept it. Many other class members will, like me, assume that they are unqualified to object if they do not provide a telephone number, and will therefore fail to file an objection.

Class members are parties to this action, albeit absent parties. Under Section 5.1, the release will curtail our ability to assert these claims again, and Section 5.3 specifically designates non-named class members as "parties." Section 10.10 explicitly asserts that all parties cooperated in the drafting of the agreement, which is cruelly false. The non-named plaintiffs did not have any input whatsoever in the drafting, preparation, and negotiation of the agreement, which is exactly why it must be approved by this Court. Under Section Section 10.4 we cannot even see any draft of the agreement.

The timing of the deadlines – the majority of which were set by unilaterally by Class Counsel and Defendant, and have changed – have functionally denied me the ability to retain counsel to review the proposed settlement and then file an objection on my behalf. This summer, the date for the Fairness Hearing was September 21, 2016. While I am grateful to this Court that the objection deadline and Fairness Hearing were extended, the short window of time between my learning of the changing of the dates and the actual dates has prevented me from hiring an attorney. I have only learned of the dates set in this matter through my own research.

This is a class action on behalf of thousands and perhaps millions of plaintiffs, and is therefore a complex matter. Complexity warrants contemplative and preparatory time. The deadlines set for objections and other responses have been inappropriately brief. In a case before this Court involving one plaintiff and one defendant, less discovery, and legal issues of lesser complexity, deadlines for objections and other responses would be *more* generous. Given the number of parties and other complexities in this case, it would not be entirely unreasonable for an unrepresented class member to ask for an amount of time to respond comparable to a one-plaintiff-one-defendant case

multiplied by one thousand: i.e., instead of one month to prepare and file an objection, a proportional one thousand months. However, I request that the date for the Fairness Hearing be extended by six months. Class Counsel and Defendant have received more than six months to make their choices in this matter.

While I had assistance in preparing this objection, I truly do not fully understand the Settlement Agreement and wish to discuss the implications of the agreement with an attorney, as Section 10.7 says that I have already done. I am not an attorney. I wish to supplement this objection after I am able to retain an attorney to represent me. I request that this Court give me time to retain counsel for legal advice on articulating the factual and legal grounds for my opposition to the settlement, and witnesses documents and other proofs.

## CONCLUSION

This Court should reject the proposed settlement as unfair to class members who were not designated as named plaintiffs/class representatives.

Class Counsel's request for a fee grossly in excess of their lodestar is excessive under federal law. Class Counsel may receive no more than a reasonable percentage of amounts actually claimed by or paid to the class. Valuation of in-kind benefits, if any, must await the close of the redemption period for those benefits. The fee award should be informed by the application of federal and state fee law and its limits on lodestar multipliers. This Court should award named Plaintiffs and Class Counsel no more than $250,000.00 in total costs and fees. The date for the Fairness Hearing should be extended by six months.

Respectfully submitted,
Adam Bezer

*[signature]*

248 Melrose Street
Apartment 2L
Brooklyn, NY 11206

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing document was filed and served on the following parties on September 27, 2016, by United States Mail:

Clerk of the Court
United States District Court
701 East Broad Street
Richmond, VA 23219

Plaintiff's Counsel
Leonard A. Bennett, Esq.
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601

Defendant's Counsel
Phyllis B. Sumner
King & Spalding LLP
1180 Peachtree Street NE
Atlanta, GA 30309

_____
Adam Bezer