UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



JAMES JENKINS, on behalf of
himself and all other similarly
situated individuals

Plaintiff,

V.  Civil Action No. 3:15CV00443-MHL

EQUIFAX INFORAMTION
SERVICES, LLC,

Defendant.

## OBJECTIONS OF PATRICK S. SWEENEY, PRO SE, TO THE PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR AT FAIRNESHEARING

### I. PROOF OF MEMBERSHIP IN CLASS

Patrick S. Sweeney, Pro Se ("Objector") has reviewed the Notice of Class Action Settlement ("Notice") in this matter and believes he is a member of the class as defined in that Notice. He has not filed a timely claim AS NO CLAIM IS REQUIRED TO BE FILED. His address and telephone number are listed at the conclusion of this objection.

### II. NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that he does not intend to appear at the Fairness Hearing presently scheduled for October 28, 2016, at United States Courthouse for the Eastern District of Virginia, 701 East Broad Street Richmond, VA 23219

## III. REASONS FOR OBJECTING TO THE SETTLEMENT

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable nor adequate:

1. Claims administration process fails to require reliable future oversight, accountability and reporting about whether the claims process actually delivers what was promised. The proposed settlement orders no counsel, not various class counsel attorneys nor any defense attorney (notwithstanding the large amount of attorney fees to be earned by the numerous law firms involved in this case) to monitor the settlement process to its ultimate completion. Seeing this is a case with no monetary benefit to the Class post suit supervision should be required as it is all the Class Member receive.

   It would obviously be more prudent to withhold a portion of Class Counsel's fee until the entire credit monitoring process is complete. Furthermore, it would also be judicious to require Class Counsel (and perhaps Defense Counsel as well) to report back to this Honorable Court with a final summary and accounting of the credit monitoring process (even if brief) in order to confirm that this matter has been successfully concluded and to allow this Honorable Court to "put its final stamp of approval" on the case.

   Objector is aware that this is not the "usual" procedure in Class Action proceedings. Nonetheless, Objector submits the suggested process is an improvement to the present procedure which is the status quo in Class Action cases. Also nothing in the above proposed procedure violates the letter or spirit of the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d), 1453, and 1711–1715,(the "Act") Rule 23 F.R.C.P.(the "Rule") nor the body of case law that has developed in the class action arena (all three collectively referred herein as "Class Action Policy") Objector hereby urges this Honorable Court to adopt such a procedure as a "best practice standard " for Class Action settlements.

2. The Settlement Administrator's phone bank does not allow a

person to talk to a real person when looking for guidance with a claim.

The Notice period is far to short to allow sufficient notification to potential class members.

3. No amount of attorney fees is to be withheld to assure Class Counsel's continuing oversight and involvement in implementing the settlement. Objector hereby contends that the withholding of a reasonable sum of awarded attorney's fees would elevate the concerns raised herein regarding Paragraph No. 1 above.

4. Attorney fees do not depend upon how many members are discovered. It appears that the proposed settlement will award class counsel its fee notwithstanding the degree of relief actually achieved by the Class. This practice would be considered inequitable at best and excessive at worse in many other areas of the law when awarding attorney fees.

5. The fee calculation is unfair. The idea of Class Counsel receiving all the monetary benefit is a time honored "red flag" of an unjust settlement

6. This case has been litigated for only nine months before a settlement was announced. After a review of the Pacer Docket there appears to be only 51 docket entries. In addition, very few entries were substantive in nature. In fact, only the Plaintiff's Complaint, Plaintiff's Motion to Preliminary Approval of the Settlement, Motion for Class Certification and Award Attorney's Fees had any significant legal basis to its content. The remaining docket entries were procedural in nature. This Objector's review indicates that there were only 11 entries solely generated by Class Counsel. There was no Answer filed. No Motion to Dismiss brought by Defendant. No Motion for Summary Judgment by either party. There was no prolonged discovery disputes (it appears there was no extensive discovery at all!). There was no trial. There, of course were no post-trial motions. This is hardly the record of a case justifying Class Counsel's requested Attorneys' Fees and expenses in the amount of $2,800,000. Furthermore, Class Counsel's Memorandum of Law in Support of the Motion for Attorney's Fees appears to be a catalogue of cases whereby other lawyers were successful in obtaining excessive fee awards and not a compelling recitation of why the fees and costs

are appropriate

7. The fee request is not reasonable in the absence of documentation, including detailed billing records (including hourly rates of the professionals, hours accumulated and reasonable costs incurred), which can be evaluated by Class Members and the Court to determine the reasonable nature (or not) of the fee request.

8. The Objector herein hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

## **CONCLUSION**

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;

2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.

3. Award an incentive fee to this Objector for his role in improving the Settlement, if applicable.

Respectfully submitted by:

_____
Patrick S. Sweeney, Pro Se
6666 Odana Road
Suite 116
Madison, WI 53711
310-339-0548
patrick@sweeneylegalgroup.com

# CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2016, I caused to be filed, per the instructions in the Notice published in this matter, the foregoing with the Clerk of Courts via U.S. First Class Mail. It is anticipated that the Clerk of the Court of the United States District Court for Eastern District of Virginia will file this document in the docket for this case all parties in this case who use the CM/ECF filing system will be noticed. In addition counsel as described in the notice will also be served visa U.S. First Class Mail.

*[signature]*