# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| JAMES JENKINS, et al., individually and on behalf of all others similarly situated, Plaintiffs, | : : : Docket No. : Civil Action No. 3:15-cv-00443-MHL |
| v. | : : : |
| EQUIFAX INFORMATION SERVICES, LLC, Defendant. | : : : |



## Class Members Reply to the October 12, 2016 "Plaintiff's Opposition To Sean M. Donahue's Motions For Sanctions Against Class Counsel and Continuances"

This Class Member Respectfully corrects inaccuracies in the Class Counsel's filing of October 12, 2016 under the above captioned docket number (3:15-cv-443) in the United States District Court, Eastern District of Virginia, Richmond Division.

First, this Class Members thanks the Continental Congress for the creation of a nation and judicial system in which the common man of no material means may be heard. The system is a pillar of Democracy.

Second, this Class Member avers that Class Counsel surreptitiously placed inaccuracies in his filing of October 12, 2016. In Class Counsel's Certificate of Service, Class Counsel surreptitiously added what appears to a legal layman to be an ancillary legal argument [See Exhibit A]. Class Counsel claims that this Class Member did not include a Certificate of Service with his Objection that was filed on September 26, 2016. This is not true. This class member did indeed include a Certificate of Service and provides a copy of that certificate here as Exhibit B.

Third, this Class Member stands by his previously filed Objections and Motions. Class Counsel repeatedly brings attention to the fact that "[o]ut of a Settlement Class of more than two, million, only eight members have objected to the proposed Settlement *[See Plaintiff's Opposition, Sentence 1, ¶2, Page 1 under the subheading "I. Introduction", filed on October 12, 2016]*". This Class Member avers that he predicted in his Objection of September 26, 2016 that the manner in which Class Counsel failed to adequately inform all Class Members of their right to object would inevitably result in a very small turnout by way of Class Member objections.

This Class Member avers that the entire Class has a right to be explicitly informed of its right to object, not merely teased with the droppings of a complicated and confusing popcorn trail that may accidentally lead a few class members down the path of objection. For this reason, the Class Member Respectfully reiterates his request that Class Counsel be ordered by the Court to send a second notice to all class members and that the second notice explicitly inform Class Members of their rights to object and that it provide a return prepaid postcard form with objections boxes that Class Members could simply check and drop into a mailbox.

Fourth, Class Counsel fails to see that free credit monitoring for those who do not use credit is of no service whatsoever to the Class Members who Class Counsel went to great lengths to identify as victims. What is more, the proposed credit monitoring service is not fungible and Class Members are left with no means of converting that service into cash.

Fifth, Class Counsel repeatedly refers to "injunctive relief [Plaintiff's Opposition, Page 5]". This Class Member takes the term "injunctive relief" to refer to the Court ordering a party to cease and desist doing something. Yet, in the proposed settlement, the Class Counsel argued that the victims are entitled to compensation beyond "injunctive relief". Defense Counsel has already explicitly and implicitly agreed to this by asking that victims be provided with free subscription services of a $270.00 value. This Class Member Objects and his Objection lies in

disagreements over both the amount of compensation and the non-fungible nature of the compensation.

Sixth, this Class Member further Respectfully Reiterates all Objection, Motions and Requests made in his initial filing of September 26, 2016. Class Counsel has not acted in the best interests of the Class but has instead sought a large cash payout for legal fees, while suggesting that Class Members receive no cash at all. Yet, it is the Class Members who are the victims. Class Counsel should be removed from the case and replaced with a different Class Counsel. If Class Counsel remains on the case, then Class Counsel should be compensated for legal fees in the form of $2.8 million worth of non-fungible subscription service to(EQUIFAX CREDIT WATCH GOLD WITH SCORES.

Seventh, with a 365 day continence, this Class Member can use social media to bring attention to the fact that there are millions of Class Members across society who have a right to object. These Class Members may not know that they can ask for cash instead of a subscription service.

Eighth, this Class Member requests that the Court order that Defense Counsel and Class Counsel compensate him $1,000 in pro se legal fees for his having drafted this reply.

Respectfully Submitted,

Oct 17 2016
Date

Sean M. Donahue
Class Member, Pro Se
625 Cleveland Street
Hazleton, Pa 18201
570-454-5367
seandonahue630@gmail.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| JAMES JENKINS, et al., individually and on behalf of all others similarly situated, Plaintiffs, | Docket No.<br>Civil Action No. 3:15-cv-00443-MHL |
| v. | |
| EQUIFAX INFORMATION SERVICES, LLC, Defendant. | |

## Certificate of Service

This Class Member certifies that hard copies of this filing are being mailed via USPS to the Court and to the two lead Counsels for the Defendant and Class Members at the addresses listed below. A courtesy copy will be emailed to all of the other counsels whose contact information is listed as signatories on the original lawsuit.

1 Hard Copy via USPS To:

Clerk of the Court
US District Court for the Eastern District of Virginia
701 East Broad Street
Richmond, VA 23219

Defence Counsel
Phyllis Sumner
King & Spalding
1180 Peachtree Street, NE
Atlanta, GA 30309
psumner@kslaw.com

Leonard A. Bennett, VSB No. 37523
Susan M. Rotkis, VSB No. 40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Tel: (757) 930-3660
Fax: (757) 930-3662
lenbennett@clalegal.com
srotkis@clalegal.com


RECEIVED OCT 20 2016 CLERK U.S.

1 of 3

One Emailed Copy To:

Matthew J. Erausquin, VSB No. 65434
Casey S. Nash, VSB No. 84261
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7770
Fax: (888) 892-3512
matt@clalegal.com
casey@clalegal.com

Kristi C. Kelly, Esq., VSB No. 72791
Andrew J. Guzzo, Esq., VSB No. 82170
Kelly & Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Telephone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com

James Arthur Francis (pro hac vice forthcoming)
John Soumilas (pro hac vice forthcoming)
FRANCIS & MAILMAN PC
Land Title Building
100 S. Broad Street, 19th Floor
Philadelphia, PA 19110
Tel: 215-735-8600
Fax: 215-940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com

Defence Counsel
Phyllis Sumner
King & Spalding
1180 Peachtree Street, NE
Atlanta, GA 30309
psumner@kslaw.com

Leonard A. Bennett, VSB No. 37523
Susan M. Rotkis, VSB No. 40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Tel: (757) 930-3660
Fax: (757) 930-3662
lenbennett@clalegal.com
srotkis@clalegal.com

Respectfully Submitted,

_Oct 17, 2016_
Date

_Sean M. Donahue_
Sean M. Donahue
Class Member, Pro Se
625 Cleveland Street
Hazleton, Pa 18201
(570)-454-5367
seandonahue630@gmail.com