IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

**JAMES JENKINS,** *et al.,*

       **Plaintiffs,**

v.                                                                              **Civil Action No. 3:15cv443**

**EQUIFAX INFORMATION SERVICES LLC,**

       **Defendant.**

## FINAL APPROVAL ORDER

Plaintiffs, on their own behalf and on behalf of all similarly situated consumers, submitted to the District Court a Motion for Final Approval of the Class Action Settlement ("Motion") seeking final approval of the Settlement Agreement (the "Agreement"), and the exhibits attached thereto, entered into by and between Plaintiffs and Defendant.  Defendant does not oppose Plaintiffs' Motion.

By Order dated July 7, 2016, the District Court entered an Order that preliminarily approved the Agreement and conditionally certified the Settlement Class for settlement purposes only (the "Preliminary Approval Order").  In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendant served written notice of the proposed class settlement on the United States Attorney General and the appropriate state Attorneys General. Due and adequate notice having been given to the Settlement Class in compliance with the procedures set forth in the Agreement and the Preliminary Approval Order, this Court having considered all papers filed and proceedings had herein, and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.     This Final Approval Order incorporates by reference the definitions in the Agreement, and all terms used herein shall have the same meanings as set forth in the Agreement.

2.     This Court has jurisdiction over the subject matter and, for purposes of this Settlement only, personal jurisdiction over all the Parties, including all Settlement Class Members.

3.     Pursuant to Federal Rule of Civil Procedure 23, and consistent with Due Process, the Court finds that the settlement of the lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of the Parties' cases and defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class; and, the limited amount of any potential total recovery for Settlement Class Members if litigation continued.

4.     Pursuant to Federal Rule of Civil Procedure 23(b)(3), this Court hereby certifies the Settlement Class solely for purposes of effectuating this Settlement.

a.     The Settlement Class is defined as follows:

All consumers in the United States who, within two years preceding the filing of this Action until the date of preliminary approval, received a credit file disclosure from Equifax containing a public record.

b.     Individuals within the Settlement Class had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order.  Excluded from the Settlement Class are those persons who validly and timely requested exclusion from the

Settlement Class by way of the opt-out procedure, as identified in Exhibit 1 hereto (the "Opt-Outs").

5.      For purposes of this Settlement only, this Court finds and concludes that: (a) the Settlement Class is so numerous that joinder of all individuals in the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all individuals in the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of this class action.

6.      Pursuant to the Court's Preliminary Approval Order, the approved notice was sent to Class Members via email or regular mail.  The form and method for notifying the class members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order, satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(b) and due process, and constituted the best notice practicable under the circumstances.  The Court further finds that the notice was clearly designed to advise the settlement class members of their rights and clearly and concisely stated, in plain, easily understood language, all features of the lawsuit and settlement set forth in Fed. R. Civ. P. 23(C)(2)(B).

7.      This Court has considered and hereby overrules all objections to the Settlement on their merits.

8.      This Court hereby dismisses with prejudice on the merits and without costs or attorneys' fees (except as otherwise provided in the Agreement) the above-captioned action (subject to retention of jurisdiction to enforce the Agreement and the Settlement).

9.      The Released Parties include Equifax and its present or former officers, directors, employees, attorneys, agents, administrators, successors, assigns, subsidiaries, partners, corporate affiliates, sister corporations, parents, divisions, and predecessors.

10.     The Plaintiffs and each Settlement Class Member, their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns and all persons acting for or on their behalf, shall be deemed to have fully, finally and forever released the Released Parties from all Released Claims described in Sections 2.17 and 2.18 of the Agreement.

11.     Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are enjoined from commencing or prosecuting against any and all of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims; provided, however, that this injunction shall not apply to non-released claims of Opt-Outs.

12.     Plaintiffs and Class Counsel have moved for a service award for the Class Representatives in the amount of five thousand dollars ($5,000.00) each.  The Court awards each Plaintiff five thousand dollars ($5,000.00), which shall be paid in accordance with the Agreement.

13.     Plaintiffs and Class Counsel have moved for an award of attorneys' fees

(including costs and expenses) in the amount of two million eight hundred thousand dollars
($2,800,000.00).  The Court awards attorneys' fees (including costs and expenses) in the amount
of two million eight hundred thousand dollars ($2,800,000.00), which shall be paid in
accordance with the Agreement.

14.    Furthermore, Equifax will add text to the top of the public records section of any
consumer disclosure containing a public record, which will identify the name, physical address,
and website of the vendor that supplies any public record in the File that could be furnished in a
Consumer Report.  Equifax will confirm to Class Counsel that it has implemented these changes
no later than ninety (90) days after the entry of this Order. In the event a consumer disputes a
public record item, Equifax will either forward the dispute to the vendor from which it obtained
the public record item or directly resolve the consumer's dispute in the consumer's File, as
appropriate.

15.    Without affecting the finality of this Final Approval Order in any way, this Court
retains continuing jurisdiction of all matters relating to the modification, interpretation,
administration, implementation, effectuation, and enforcement of this Agreement and the
Settlement.  Class Counsel are to continue in their role to oversee all aspects of the Agreement
and Settlement.  Upon notice to Class Counsel, Defendant may seek from this Court, pursuant to
28 U.S.C. § 1651(a), such further orders or process as may be necessary to prevent or forestall
the assertion of any of the Released Claims in any other forum, or as may be necessary to protect
and effectuate the Settlement and this Final Approval Order.

16.    If an appeal, writ proceeding, or other challenge is filed as to this Final Approval
Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered,
stipulations made and releases delivered in connection herewith, or in the Agreement or in

connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement.

Let the Clerk send a copy of this Final Approval Order to all counsel of record.

It is so ORDERED.

/s/

M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date:   10/31/16

6