

RECEIVED
JAN 2 0 2017
CLERK U.S. DISTRICT COURT
RICHMOND, VA.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**CIVIL ACTION No. 3:15-cv-443**

JAMES JENKINS, et al., individually
and on behalf of all others similarly situated,

      Plaintiffs,

v.

EQUIFAX INFORMATION SERVICES, LLC,

      Defendant.

**PARTIAL CLASS MEMBER**
**SCOTT ANDERSON'S**
**OBJECTION TO CLASS**
**SETTLEMENT AND**
**MEMORANDUM IN**
**SUPPORT TO HIS MOTION**
**FOR LEAVE TO FILE**
**OBJECTION**

## Introduction

On or about 08/31/2016 Class Member Scott Anderson recognized a class notice issued in the above captioned case.   Due to having the prerequisites, Mr. Anderson mailed an "Exclusion Request" to the Class Administrator to opt-out of participation from the class notice on the administrator's website stating:

> A settlement has been proposed on behalf of consumers in the United States who, from July 28, 2013 until April 14, 2016

1

received a consumer disclosure from Equifax containing a public record (the "Class").

Mr. Anderson subsequently filed his own class action in the United States District Court District of Minnesota (16-CV-3959) alleging virtually identical class claims and a class period covering April 15th, 2016, to a date in which the court finds appropriate.

On or about 01/07/2017, Defendant Equifax mailed correspondence to Mr. Anderson claiming that his class was precluded due to a Final Approval Order issued by this court, yet not properly displayed on the Jenkins Class Administrator's website, which purports to extend the class period beyond the noticed date of April, 14th, 2016, to July 7th, 2016.

Due to the lack of notice both in the Class Notice itself and subsequently following the intentional concealment of the following orders from the Class Administrator's website, Mr. Anderson now makes his objection concerning the intentional failure of improper notice to the class and motion to amend the relevant orders extending the class beyond the official notice dates.

Due to the lack of notice, the lack of reasonable ability to know of the salient order, and lack of meaningful opportunity to object to the order, Mr. Anderson respectfully requests leave to file his Objection.

2

If the court however amends its order sua sponte, his motion and appeal will otherwise be moot.

**Argument and Issues**

## I.   Lack of Proper Class Notice and Lack of Proper Order Notice

Mr. Anderson makes his request for leave in a timely fashion.  Only until on or about 12/16/2017 did Mr. Anderson discover that not only was he being imposed upon to be included in a class he has every reason to believe he opted on out, but that a Final Approval Order had been entered on 10/31/2016.

It wasn't until Mr. Anderson filed a class action suit in the District of Minnesota did Equifax notice his attorney Peter Nickitas of the order at issue on or about 12/16/2016 in which Mr. Anderson promptly replied.  SCOTT ANDERSON DECLARATION Exhibit A.  Mr. Anderson had opted out of the Jenkins' class on or about 08/31/2016,  id., Exhibit B, after discovering class notice defining the Jenkins' class as including individuals between the dates of July 28th, 2013, to April 14th, 2016 and subsequently filed his own suit against Equifax.

Not only did Equifax fail to disclose of the Final Approval order or the predicate orders on their Class Administrator's website, Mr. Anderson would have had no reasonable cause to continue to research the Jenkins matter as he had opted out of the noticed dates.

Mr. Anderson noticed Equifax of the lack of class notice generally and lack of notice of the Final Approval order and predicate orders on the Administrator's website.  Equifax soon had their administrator display them and responded on 12/20/2016 that they were going to hide behind the order without rebuttal to its plainly unlawful lack of notice.  Instead, Equifax doubled down with threats of costs if Mr. Anderson didn't roll over and join in the ruse to deny hundreds if not thousands of individuals their due process. Id., Exhibit C.

Mr. Anderson made multiple attempts to the Jenkins parties to amend the order to no avail.  Class counsel refused to even return a telephone call.  After numerous attempts by phone and writing to the parties, he made one last attempt to resolve the controversy amicably by making notice to all interested parties in the Jenkins suit.  Id., Exhibit D.  To date, Mr. Anderson has not received a response.

## II.   Mr. Anderson

## Has Standing to Object to, and Appeal

## the Final Approval Order and Preceding Orders

Mr. Anderson opted out of the noticed dates of July 28th, 2013 to April 14th, 2016.  The Final Approval Order extends the dates to July 7th, 2016 without notice, meaningful opportunity to be heard, or any appearance of due process.

Mr. Anderson therefore has standing to appeal and object to the dates between April 15th, 2016 to July, 7th, 2016.   By nature of the intentional concealment and oppression of class members' rights, Mr. Anderson reserves his right to make appeal concerning the plain collusion by the parties and the lack of candor towards, and zeal on behalf of, the class members.

As Mr. Anderson is being included by fiat, he is entitled to appeal the lack of real benefit in the class settlement.   The settlement order claims that the benefit of free credit monitoring for a year is $269.   A person with a smartphone can download the CreditKarma application and get the same benefit for free.

## III.   Granting Leave
## Would not Significantly Delay or Impair the Settlement

Mr. Anderson seeks to object to and appeal a case in which multiple other objectors have already filed notices of appeal.

As argued in previous correspondence mailed to this court by Mr. Anderson, the parties intentionally hoodwinked this court into extending the class period without notice per rule.   This act has certainly affected hundreds if not thousands of citizens of their right to due process in this travesty of a class settlement.

The Class Notice, Anderson Declaration Exhibit E, was abundantly clear in multiple instances with regard to the class period. The notice opens with the following statement:

> A settlement has been proposed on behalf of consumers in the United States who, from *July 28, 2013 until April 14, 2016* received a consumer disclosure from Equifax containing a public record (the "Class").You have received this notice because records indicate that you may be a member of the Class. (*emphasis added*)

The notice continues with "HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? --

> **You are affected by the settlement because Equifax's records indicate that you received a disclosure from Equifax containing a public record between July 28, 2013 and April 14, 2016.** Specifically, for the purposes of settlement only, the Court has provisionally certified a Settlement Class *defined as follows*:

> *All consumers in the United States who, from July 28, 2013, through April 14, 2016,* received a credit file disclosure from Equifax containing a public record.

> *If you fall within the foregoing Settlement Class definition, you will be a Settlement Class Member unless you exclude yourself."* (*emphasis added*)

It is crystal clear that anyone objecting, claiming, or opting out of this settlement would be relying upon the dates provided by the plaintiffs and defendant, and approved by the district court.

Mr. Anderson did in fact opt out of this noticed class on or about 08/31/2016 and was verified as received through Equifax's own disclosure.

Yet, on 04/27/2016, 15-cv-443, ECF #30, the Parties in *Jenkins* filed a "PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT" which included a "SETTLEMENT AGREEMENT" and "[PROPOSED] FINAL APPROVAL ORDER" (Doc ID #30-1).

The proposed order in paragraph 4.a. defines the class as "All consumers in the United States who, within two years preceding the filing of this Action until the date of preliminary approval, received a credit file disclosure from Equifax containing a public record."

In the proposed order, the Parties intentionally, and covertly, slipped in an ambiguous extension of the class to include by fiat, hundreds, if not thousands, of individuals, between the dates of April 15th, 2016 to July 7th, 2016, without notice.

This filing also includes an exhibit showing the Class Notice itself and further emphasizing the class period ends on April, 14th, 2016, not the proposed date and certainly not July, 7th, 2016. ECF #30-1 "Exhibit '3'".

To emphasize the malice and oppression in the intricacies of the proposal, the proposed order in 4.b. continues to state,

> Individuals within the Settlement Class had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order. Excluded from the Settlement Class are those persons who validly and timely requested

7

> exclusion from the Settlement Class by way of the opt-out
> procedure, as identified in Exhibit 1 hereto.

This ruse is continued in paragraph 6, where the Parties seek the court's unwitting approval, by finding that somehow the class received adequate notice of something that never existed – neither in an official class notice nor in an existing order.

The preliminary approval order was filed the same day as this very proposed order.  There was no notice that the class extended to July, 7th, 2016.  Duping the court into finding that the class had *any* notice should result in severe, corrective consequences from this court.

The Court entered on 07/07/2016, ECF #38, an "Amended Preliminary Approval Order".  This order, like the proposal, is perplexing in its own right.

Paragraph 2 defining the settlement class states, "All consumers in the United States who, within two years preceding the filing of this Action until the date of preliminary approval, received a credit file disclosure from Equifax containing a public record."

Even more perplexing is the Court's findings in paragraph 8 that, "The proposed forms and methods for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process...  The Court finds that the proposed

notice concisely and clearly states, in plain, easily understood language...the definition of the class certified..."

The notice stated in plain, easily understood language, that the class period extends to "April 14th, 2016". If April, 14th, 2016 means July, 7th, 2016, this is a language most English speakers would <u>not</u> understand. This order, at the bequest of the Parties, is unequivocally convoluted and nowhere near the clarity of rule.

These issues and language bled into the Court's Final Approval Order filed on 10/31/2016.

This simply cannot be, as not only was there no initial notice to these settlement dates, this proposal was not displayed on the Administrator's website. Nobody who received the initial notice had any reason to wander back to see how the class they had no reason to believe they were in, was doing. In fact, per the notice, the imposed-upon class members would have no reason to study the class administrator's website again, as Mr. Anderson didn't.

Only until after Equifax was noticed by Mr. Anderson that they were improperly concealing these proposals and orders, did the Parties disclose their existenc, just to Mr. Anderson, and well past the time, as they well knew, that he or anyone could reasonably do anything about it.

9

This is not simply a creative settlement between two parties. This is a settlement which intentionally rips away rights and remedies of hundreds if not thousands of people. The parties were well aware of what they were doing. This Court evidently did not, as it certainly trusted that the parties, counsel, and the class representatives had the class members' best interests in mind as the law requires.

To show the knowledge and intent of the Parties, prior to and following the filing of Mr. Anderson's lawsuit in the District of Minnesota, *Anderson v. Equifax Information Services, L.L.C.* 16-cv-3959, Mr. Anderson's attorney Peter Nickitas unsuccessfully attempted to contact Jenkins' attorney James Franci

On or around 12/16/2016 Equifax, through counsel Zachary McEntyre, King & Spalding LLP, telephoned Mr. Nickitas to inform him that they were going to stand by the legally defective order and attempt to exclude Mr. Anderson from representing the muzzled 4/15/2016 – 7/7/2016 class members, and thus to frustrate his proposed class in general.

Mr. Anderson, through Nickitas, responded in no uncertain terms that the attempts of the parties in Jenkins were not only wrongful, but deplorable.

Despite further written correspondence ending on 01/07/2017 and cc'd to this very court by Mr. Anderson, the parties absolutely refuse to move to amend the order to include only the properly noticed class period. Instead,

10

Equifax threatened to file a motion to dismiss and seek sanctions if Mr. Anderson continued his attempt to represent the thousands of people that Jenkins' and Equifax's counsels, along with the class representative are continuing to attempt to silence, in favor of aforementioned 2.8 million dollars in compensation for the attorneys and $5000 for the class representatives, whose clear and exclusive interest is not the class, but instead money.

Thus far, Equifax has failed to attempt to justify the orders after Mr. Anderson's notice, other than its responses with the simple attitude that the order is fine, because they were able to convince a district judge to sign it.

Courts have "a continuing duty in a class action case to scrutinize the class attorney to see that he or she is adequately protecting the interests of the class, and if at any time the trial court realizes that class counsel should be disqualified, the court is required to take appropriate action." *In re Revlon, Inc. Shareholders Litigation*, 990 A.2d 940, 955 (Del. Ch. 2010) (quoting 4 Newberg on Class Actions § 13:22, at 417 (2002)).

The same date of this letter, Equifax followed through with their threat and intent to oppress and deny thousands of people by filing a partial motion to dismiss Mr. Anderson's case along with their intention to seek sanctions for Mr. Anderson maintaining his integrity.

11

This issue is undebatable.  The class notice needs to coincide with the orders.  This is a basic truth and requirement within class settlements under Fed. R. Civ. P. 23(c)(2)(B).  The orders must be amended to include the noticed class dates between July, 28th, 2013 and April 14th, 2016, and no other persons and no other dates.

### IV.  Mr. Anderson Does
### Have Standing Under the Final Settlement Order

Despite Equifax's insistence that Mr. Anderson has no standing to object or move in this court due to his opting out of the *Jenkins* class, Equifax is clearly mistaken.

Mr. Anderson opted out of the noticed dates of July, 28th, 2013 to April 14th, 2016.  The order as is, extends the dates to July, 7th, 2016.  Mr. Anderson absolutely objects with regard to the notice deficiency by very nature which gives him standing.

If the parties wish to have Mr. Anderson lack standing with this issue, they can amend the order to have the class reflect what Mr. Anderson and the rest of the class was noticed of.

### V.   The Settlement Does not Bestow a Benefit or Value to the Class

By nature of the class, there would be little benefit to receiving "Credit Monitoring".  The class itself does not comprise necessarily of falsely reported

12

judgments or other public records, but rather judgments in which, typically in fact, Equifax did not properly disclose the third party which did disclose them.

In other words, the vast majority already knew they had a judgment and their credit was ruined to the point they couldn't care less about "Monitoring" it, notwithstanding having a third party monitor.

Regardless, this service is easily obtainable for free through services such as CreditKarma.com, etc.  Furthermore, this "benefit" in which the parties attach an absurd number to, in fact costs Equifax nothing.  It is simply an electronic service in which Equifax uses absolutely no capital to issue to the class.  It literally costs them zero.

Any hollow argument that, somehow due to the class receiving it for free, some sort of opportunity cost is lost by Equifax not being paid is defeated again by the fact that the virtually all class members did not use or want this type of service. or they otherwise would have just obtained an equitable alternative for free.

At the end of the day has anyone asked the question as to why or how "Credit Monitoring" is at all relevant or correlated to the class claims?  This is akin to a doctor being sued for accidentally removing a kidney and then settling by promising free acne treatment for a year.  Just because Credit Monitoring is a service provided by Equifax and that Equifax is a defendant

does not mean that this is at all of interest of the class and relevant to the class claims.

The real irony with this alleged "benefit" is that Equifax has continued to offer the exact same "benefit" in multiple class action settlements in the past with virtually identical class claims.

If we are to believe there is any value in this settlement, why has Equifax promised to change their FCRA non-compliance in settlement orders in the past and failed to follow through with those promises?  Of course beyond the rhetorical value of the question is the singular fact that Equifax is skirting liability by offering a worthless "Benefit" to the class.

In *Chakejian v. Equifax Information Services, L.L.C.*, 07-cv-2011 (E.D. Pa. 2011) (Brody, J.), the same worthless monitoring was offered, with the same promise to change their reporting, to avoid identical claims being brought in yet another class.  Now comes *Jenkins*, and we have the same promises, the same orders, the same "benefits", and most importantly the same lack of accountability.  Anderson Declaration Ex. F.

This is hardly a "groundbreaking" settlement, as this Court proclaimed.

## VI.   Attorney Fees Are Exorbitant

As previously stated, the Jenkins' class is virtually identical to the *Chakejian* class.  The "benefit" is absolutely identical.  Yet in *Jenkins*, the

attorneys feel that a copy and paste of an old settlement agreement results in a nearly triple increase in attorney's fees from $1,075,000 to $2.8 million here. Ironically, as the attorney's in Jenkins sought to triple their fees for a warmed-over *Chakejian* encore, they apparently didn't much care for not only the class, but their own clients as compared to Chakejian paying $15,000 to class representatives, where the Jenkins' reps only received $5,000. Anderson Declaration Ex. F.

Why is this happening? Because many of the attorneys in Chakejian are the same in Jenkins such as Mr. Francis and Bennett. 2.8 million? For the exact same work they already did for 1/3 that in Chakejian? This is nothing more than a continuing racket for them.

This is further indication that the only interest in this settlement was in making sure the attorneys were the best compensated. Thinking that it is appropriate to continue to condone the conduct of Equifax by giving them a costless slap on the wrist is not adequately representing the class or representing the class at all.

Literally, the entire cost of this purported class action boils down to money awarded to the class representatives and their counsel; the class gets nothing. This suit would have been better pursued as individual claims, rather than to create an ersatz class action.

A class "representative who proposes that high transaction costs (notice and attorneys' fees) be incurred at the class members' expense to obtain [no benefit] ... is not adequately protecting the class members' interests." *In re Aqua Dots Products Liability Litigation*, 654 F.3d 748, 752 (7th Cir. 2011).

Again the truth of *Aqua Dots* is in plain sight with regard to the failure to even obtain their own clients adequate compensation for "representing" the class.

## Conclusion

It is abundantly clear that notice was non-existent to justify the extension that the Parties now wish, and the Court now mistakenly codified. If the interested parties want the extension, they can serve the proposed members notice as required by rule. If not, the order must be amended to reflect the notice which was given.

Time and time again we see class attorneys using the class as a footstool to increase their own revenue dramatically, rather than bring a pervasive benefit to the class members they nominally represent. *Jenkins* is no different. Equifax is no different. *Chakejian* is no different.

Equifax has continued to bestow the ethereal gratuity of "Credit Monitoring." all the while promising to change their conduct that brings about the same class claims. They then follow with orders from the court

16

congratulating them of their "novel and sincere" settlement negotiations, and now going as far as to revel in how "earth shattering" their hollow promises are.

The majority of the interested parties in *Jenkins* and *Anderson* are the class.  The named Parties, named counsel, and the Court need to address them as an integral party to a settlement.

## WHEREFORE,

Objector and movant Scott Anderson respectfully requests the court, to:

1.    Amend the Final Approval Order and any accompanying orders to reflect the only noticed class period of July 28th, 2013 to April 14th, 2016.

2.    Decrease the attorney fee award in consideration of the actual worth of class counsel, especially if the class is decreased by a proportional amount, following the amending the order to a cut-off date of April 14th, 2016; the class counsel fee should be equally proportionally decreased.

3.    Find that class counsel and the class representatives failed to represent the class zealously and obtain an adequate benefit for the class.

Respectfully submitted,

Date: 01/16/2017

Scott C. Anderson
Class Member/Objector
1000 Opportunity Blvd. #302
Cambridge, MN 55008
612-747-2928
Anderson1978.sa@gmail.com



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division
CIVIL ACTION No. 3:15-cv-443

JAMES JENKINS, et al., individually
and on behalf of all others similarly situated.

Plaintiffs,                                                CERTIFICATE OF SERVICE

v.

EQUIFAX INFORMATION SERVICES, LLC,

Defendant.

I, Andrew Baldwin, hereby certify that on 01/16/2017, I caused the following documents:

"PARTIAL CLASS MEMBER SCOTT ANDERSON'S
MOTION FOR LEAVE TO FILE AN OBJECTION TO CLASS SETTLEMENT;
PARTIAL CLASS MEMBER SCOTT ANDERSON'S OBJECTION TO CLASS
SETTLEMENT AND MEMORANDUM
IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE OBJECTION;
DECLARATION OF SCOTT ANDERSON
(W/EXHIBITS)",

To be mailed by first class mail, postage paid, addressed to the following:

Patricia Connor Clerk of Court
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 E. Main St., Room 501
Richmond, VA 23219

Adam Bezer, Objector/Appellant
c/o John Jacob Pentz, III, Esq., Attorney
19 Widow Rites Lane
Sudbury, MA 01776

Leonard Anthony Bennett, Attorney for Plaintiffs

1

763 J Clyde Morris Blvd, #1A
Newport News, VA 23601

Lauren KW Brennan, Attorney for Plaintiffs
100 S Broad St., #1902
Philadelphia, PA 19110

Matthew James Erausquin, Attorney for Plaintiffs
1800 Diagonal Rd., #600
Alexandria, VA 22314

James Arthur Francis, Attorney for Plaintiffs
100 S Broad St., 19th Flr.
Philadelphia, PA 19110

Andrew Joseph Guzzo, Attorney for Plaintiffs
4084 University Dr., #202A
Fairfax, VA 22030

Kristi Cahoon Kelly, Attorney for Plaintiffs
4084 University Dr., #202A
Fairfax, VA 22030

Casey Shannon Nash, Attorney for Plaintiffs
1800 Diagonal Rd, #600
Alexandria, VA 22314

Susan Mary Rotkis, Attorney for Plaintiffs
763 J Clyde Morris Blvd, #1A
Newport News, VA 23601

David Anthony Searles, Attorney for Plaintiffs
100 S Broad St., 19th Flr.
Philadelphia, PA 19110

Zachary Andrew McEntyre, Attorney for Defendant
1180 Peachtree St NE
Atlanta, GA 30309-3521

Phyllis Buchen Sumner, Attorney for Defendant
1180 Peachtree St NE

2

Atlanta, GA 30309-3521

**Settlement Administrator**
Jenkins v. Equifax
P.O. Box 43427
Providence, RI 02940-3427

I declare under penalty of perjury that everything I have stated in this document is true and correct.

*Andrew Baldwin*

**Andrew Baldwin**                              2017-0116
965 104th Ave NW
Coon Rapids, MN 55433

3